James Shelton SCROGHAN, Appellant,

v.

KRAFTCO CORPORATION et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1977.

Discretionary Review Denied June 29, 1977.

Charles William Arnold, Lexington, for appellant.

Robert E. Reeves, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

Before COOPER, REYNOLDS and VANCE, JJ.

VANCE, Judge.

This is an appeal from a summary judgment which dismissed appellant's claim for damages arising from an alleged unlawful dismissal from his employment. The appellant acknowledges the previous rulings of the Court of Appeals that a contract of employment for an indefinite period may be terminated at will by either party. *Production Oil Co. v. Johnson*, Ky., 313 S.W.2d 411 (1958).

Appellant was discharged from his employment by appellees after appellant announced his intention to attend law school at night. As this was a summary judgment we must consider that attendance in night school was the sole reason for the discharge.

Appellant cites *Monge v. Beebe Rubber Company*, 114 N.H. 130, 316 A.2d 519 (1974) which placed some limitation upon the right of an employer to terminate a contract of employment at will. He argues that a trend has developed since our decision in *Production Oil Company v. Johnson,* supra, which prohibits employers from discharging employees for engaging in a lawful activity in which the community has an interest. See *Nees v. Hocks,* 536 P.2d 512 (Ore.1975).

*Nees* concerned the discharge of an employee for serving on a jury. The Oregon Court in *Campbell v. Ford Industries,* 274 Or. 243, 546 P.2d 141 (1976), distinguished the holding in *Nees,* where the discharge was for engaging in an activity in which there was a public community interest, from a discharge where the activity was the private concern of the employee.

Appellant contends that continued education has been established as a public policy of the *United States* (20 U.S.C., § 401) and that an employee may not now be discharged solely because he enters a night school.

Admittedly, recent developments in the law proscribe the right of an employer to discharge an employee for engaging in a constitutionally protected activity but no case of which we are aware has extended this proscription beyond the protection of an employee who engages in a lawful activity in which the community has a public interest. We think appellant's attendance at night school was a private rather than a public concern.

The issue here is one of public policy which is first and foremost a matter for legislative determination. The legislature has not seen fit to establish any policy in this area, and we are not convinced that this is a proper area for the exercise of judicial activism.

The judgment is affirmed.

All concur.