**Danny McCART, Plaintiff,**

v.

**BROWN–FORMAN CORPORATION, Defendant.**

**No. C 87–0413–L(B).**

United States District Court, W.D. Kentucky, at Louisville.

Dec. 20, 1988.

Virginia O'Leary, Oakland City, Ind., for plaintiff.

William A. Blodgett, Jr., Louisville, Ky., for defendant.

## MEMORANDUM

BALLANTINE, District Judge.

Plaintiff was employed by defendant in 1976 as a sales representative in Indiana. In 1981 he was promoted to Assistant State Manager in Mississippi, and in 1983 he was made State Manager for Nebraska and part of South Dakota. On March 24, 1986, he was terminated by defendant.

Plaintiff commenced this action on July 6, 1987, seeking court-ordered reinstatement and damages for the tortious breach of the covenant of good faith and fair dealing.

The employment application which plaintiff signed contained the following provision: "It is agreed and understood that by assigning any work ... that the relations between me and the Corporation shall be a hiring at will, terminable at any time by either of the parties thereto."

At the outset, it should be noted that the parties are in apparent agreement that the law of Kentucky is to be applied.

In his deposition, which extended over two days and is 342 pages long, plaintiff makes no claim that he had a formal written contract of employment (Depo. pp. 120–121 and 130). Plaintiff claims instead that the employer's handbook and performance appraisal systems formed an implied contract under which he could be discharged only for cause.

The documents upon which plaintiff rests his claim of an implied contract are the company handbook, the Work Discussion System (WDS), the benefits package, and his pay check (Depo., p. 120).

■ The pivotal document is the WDS, which is an employee performance analysis. The WDS is an 11–page document which, at the third page headed, "What is it?", makes reference to "an employment contract." It is on this language that plaintiff hinges his claim.

For almost half a century it has been the law in Kentucky that, "a contract for permanent employment which is not supported by any consideration other than the obligation of service to be performed on the one hand, and wages to be paid on the other, is a contract for an indefinite period and as such is terminable at the will of either party." *Edwards v. Kentucky Utilities Co.*, 286 Ky. 341, 345, 150 S.W.2d 916, 917 (1941).

The Kentucky courts, with a few narrow exceptions discussed below, have adhered to the employment at-will doctrine. *Production Oil Co. v. Johnson*, 313 S.W.2d 411 (Ky.1958).

In *Scroghan v. Kraftco Corp.*, 551 S.W. 2d 811 (Ky.App.1977), the Court recognized that "recent developments in the law proscribe the right of an employer to discharge an employee for engaging in a constitutionally protected activity." *Id.* at 812.

Engaging in protective activity has been developed as an exception to the at-will doctrine. For instance, in *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730 (Ky.1983), the Court held that KRS 446.-070, which affords a remedy to anyone injured by the violation of a statute, extended its protection to an employee who was discharged for exercising his statutory right to pursue a claim under the Kentucky Workers' Compensation Act. The Court refused, however, to abandon the at-will doctrine entirely and specifically adhered to

the holding in *Scroghan,* writing: "ordinarily an employer may discharge his at-will employee for good cause, no cause, or for a cause that some might view as morally indefensible." *Id.* at 731.

*Firestone* was refined in *Grzyb v. Evans,* 700 S.W.2d 399 (Ky.1985). The *Grzyb* Court articulated the limitations and judicial exceptions to the at-will doctrine:

"1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.

2) That policy must be evidenced by a constitutional or statutory provision.

3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact."

700 S.W.2d at 401.

In *Shah v. American Synthetic Rubber Corp.,* 655 S.W.2d 489 (Ky.1983), the Court reversed the grant of summary judgment for the employer in a wrongful discharge case. In doing so, however, the Court did not recede from the at-will doctrine. Instead, the Court held that it was error to deny a motion to amend the complaint and to terminate discovery. The Court held that "parties may enter into a contract of employment terminable only pursuant to its express terms—as 'for cause'—by clearly stating their intentions to do so even though no other considerations and services to be performed or promised is [sic] expected by the employer or performed or promised by the employee." *Id.* at 492.

We turn next to plaintiff's argument that the WDS amounts to an annual renewal or an implied contract that plaintiff would not be discharged except for cause. The Court finds this argument to be devoid of merit.

The WDS does not rise to the level of the negotiations in *Shah, supra.* *Shah* alleged in his unfiled amended complaint a series of actions taken and statements made that induced him to accept a position with defendant. The Court found that Shah and defendant had contracted specifically against firing without cause after completion of a probationary period.

This Court finds that the WDS—which was amended many times during plaintiff's employment—is no more than an employee manual or handbook and does not rise to the level of sophisticated negotiations such as the Court found in *Shah.*

The efficacy of these types of manuals was addressed in *Nork v. Fetter Printing Co.,* 738 S.W.2d 824 (Ky.App.1987): "Policy and procedure manuals are to be commended. They can, when followed, remove an element of arbitrariness from employment relationships and thereby improve the entire atmosphere of the workplace. A contract they do not necessarily make...." 738 S.W.2d at 827.

The WDS did no more than furnish a framework by which plaintiff's performance was to be judged. It did not make a contract which would supercede the plain language in the application which plaintiff signed.

The Court holds that plaintiff's employment was an at-will employment terminable at any time by either party without cause.

■ Plaintiff's second claim for relief addresses an amorphous claim of a breach of an implied duty of good faith and fair dealing in terminating him.

A similar claim was advanced in *Grzyb v. Evans, supra,* and dismissed without comment by that Court. We are cited to no Kentucky case recognizing such a cause of action and as the Court said in *Scroghan v. Kraftco, supra:* "We are not convinced that this is a proper area for the exercise of judicial activism." 551 S.W.2d at 812. Put another way, the creation of new theories of tort liability rests with the Supreme Court of Kentucky and the Kentucky General Assembly.

■ Finally, plaintiff has tendered a motion to reply to the reply of the defendant to the response of the plaintiff to the motion of the defendant. The local rules make no provision for such a filing and the motion will be denied.

An appropriate order has been entered this 20th day of December, 1988.