Steve BINGHAM, d/b/a Steve Bingham Mining, Appellant,

v.

COMMONWEALTH of Kentucky, NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee.

No. 88–CA–1308–S.

Court of Appeals of Kentucky.

March 10, 1989.

William R. Penick, Hazard, for appellant.

William O. Field, Frankfort, for appellee.

Before HOWARD, LESTER and MILLER, JJ.

HOWARD, Judge.

In this case, the owner of a mining company appeals from a summary judgment granted by the Franklin Circuit Court upholding a civil penalty assessed against him

for mining violations. The appellant claims that he had no notice of the administrative proceedings.

The appellee, Natural Resources and Environmental Protection Cabinet, issued a noncompliance citation to the appellant, Steve Bingham d/b/a Steve Bingham Mining, on January 21, 1986. A preliminary hearing on the matter was held on May 7, 1986. In his report, the hearing officer stated that the Cabinet offered proof that notice of the preliminary hearing had been served, but Bingham failed to appear, seek a continuance or file pleadings. The hearing officer found that Bingham had waived any right to contest the noncompliance order and recommended a civil penalty of $2,100.

An order was issued on June 19, 1986, which stated the hearing officer's report had been mailed to Bingham and a formal hearing had not been requested within 30 days of the mailing. Bingham's right to a formal hearing was therefore deemed waived and the civil penalty was ordered due and payable.

The Cabinet filed a complaint in Franklin Circuit Court alleging that Bingham had failed to pay the $2,100 penalty. The Cabinet asked that a judgment be granted in its favor regarding the $2,100. In addition, the Cabinet sought $5,000 civil penalty against Bingham, pursuant to KRS 350.-990, for failure to comply with the order. On May 26, 1988, the trial court granted the Cabinet's motion for summary judgment and ordered Bingham to pay $7,100 in civil penalties plus interest and filing fees.

Bingham contends that he did not receive notice of the preliminary hearing and thus he was deprived of right to due process.

Notice of the preliminary hearing was sent to Bingham by certified mail pursuant to 405 KAR 7:090 § 6(3). The record does not contain the letter or the return receipt. Bingham asserts that the letter was not claimed. That assertion is not challenged by the Cabinet.

405 KAR 7:090 § 6(3) provides that notice of a preliminary hearing to a permitee may be accomplished by certified mail, return receipt requested. The regulation further provides that service is effective upon acceptance, refusal to accept, or the failure to claim the document.

Bingham argues that it was a violation of his right to due process to not personally serve the notice and that 405 KAR 7:090 § 6(3) is unconstitutional. Bingham cites various sections of Am.Jur.2d which he maintains support his position.

The sections of Am.Jur.2d cited by Bingham are taken somewhat out of context. More importantly, Bingham ignores other more relevant sections such as 62 Am.Jur. 2d *Process* § 65 which states in pertinent part:

> Due process of law is sufficiently observed in proceedings before administrative bodies, when the parties are residents of the state, by such service of notice as affords parties a reasonable opportunity to be heard, as by service of notice by registered mail.

*See* 2 Am.Jur.2d *Administrative Law*, §§ 360, 361.

*United States v. Bolton*, 781 F.2d 528 (6th Cir.1985) is quite similar to the instant case. A Tennessee Coal Company and its owners were given two notices of violations and three cessation orders by the Office of Surface Mining. OSM sent proposed civil penalties to the Company by certified mail. These notices of assessment and the citations themselves were returned variously marked as "refused," "unclaimed" and "out of business." The Coal Company did not pay these penalties or take an administrative appeal of the assessments. When OSM filed a collection action in federal court, the defendants challenged the constitutionality of service by certified mail.

In *Bolton, supra,* the federal regulations permitted the service of a notice of a cessation order or of a violation or a notice of a civil penalty assessment by certified mail. These regulations also provided that service would be complete on tender of the mail and shall not be considered incomplete because of refusal to accept.

The district court stated in its opinion that service of these notices by certified mail is reasonably calculated to provide the

parties with notice as required by due process. The district court further wrote that if the documents were properly addressed, under most circumstances one could reasonably assume that certified mail would reach its destination and that if a person fails or refuses to collect his mail, the mail has in actuality reached him.

The district court granted a summary judgment to the Department on the constitutionality of the regulations. The Sixth Circuit upheld this ruling. However, the defendants claimed that they did not receive notice. Therefore, the district court set that issue for trial ruling that if they in fact did not receive notice, the defendants would be entitled to contest the violations and subsequent penalties.

 We conclude that notice by certified mail, pursuant to 403 KAR 7:090 § 6(3), does not offend due process. However, the record does not show under what circumstances the certified mail failed to reach Bingham. Bingham alleges that the notice was simply not claimed. The Cabinet asserts that the hearing officer's report containing the statement that Bingham could request a formal hearing in 30 days was mailed to the same address as the summons in the circuit court. Unfortunately, one cannot confirm or refute that assertion by looking at the record. Further, we cannot determine to what address the notice of the preliminary hearing was sent.

If Bingham can show that the notice and subsequent report were improperly addressed or can articulate some other legitimate reason for not responding to the notice, Bingham should then be allowed a formal hearing to contest the charges. But, if the notice and report were properly addressed and Bingham can show no legitimate reason for not receiving them, Bingham was afforded all rights of due process and the fines should stand. We believe that the trial court should further consider these factual questions.

The judgment is affirmed in part and reversed and remanded in part.

All concur.