NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellant,

v.

Vicki L. WILLIAMS, Appellee.

No. 88–SC–00393–DG.

Supreme Court of Kentucky.

April 6, 1989.

William O. Field, Dept. of Law, Natural Resources and Environmental Protection Cabinet, Frankfort, for appellant.

Bobby D. Williams, Hindman, for appellee.

LEIBSON, Justice.

The Natural Resources and Environmental Protection Cabinet ("Cabinet") filed an action in Franklin Circuit Court seeking enforcement against Ancon Construction

Company, Inc. ("Ancon") and Vicki L. Williams, allegedly "sole shareholder and president," seeking enforcement by judgment of an Order issued by the Secretary of the Cabinet following administrative proceedings instituted against Ancon for mining violations. The Secretary's Order assessed a civil penalty of $22,500. The suit in Franklin Circuit Court asked judgment for this amount, plus a further penalty of $5,000 provided by statute for failure to comply with the Order of the Secretary.

Only the Ancon Construction Company and not Vicki L. Williams was named as a party in the underlying administrative procedure. The Complaint in the circuit court action charged Williams with joint and several liability as "sole shareholder and president of Ancon ... pursuant to KRS 350.-990(9)." This statute specifies:

> "Whenever a corporate permittee violates any provision of this chapter or regulation issued pursuant thereto or fails or refuses to comply with any final order issued by the secretary, any director, officer, or agent of such corporation who *willfully and knowingly authorized, ordered, or carried out such violation, failure or refusal shall be subject to the same civil penalties,* fines, and imprisonment as may be imposed upon a person pursuant to this section." [Emphasis added.]

The Complaint referred to the statute by number but did not specify in so many words that Williams was guilty of "willfully and knowingly" authorizing or otherwise assisting in the violation, or in "failure or refusal" to abide by the Secretary's Order. Nevertheless, Williams was on notice throughout these proceedings that the Cabinet has predicated her liability on violating the terms of this statute:

> "As the president of Ancon and sole director and shareholder of the corporation, Vicki L. Williams necessarily was a willful and knowing party, if not in the mining violation itself, certainly in the refusal to comply with the final Order of the Secretary." Cabinet's *Memorandum of Law,* filed May 8, 1986, p. 8.

Ancon failed to defend the circuit court action and was defaulted. The appellee, Williams, answered, but thereafter failed to appear in response to subpoena duces tecum, ordering her to appear and give her deposition and bring records concerning the corporate activities of Ancon, on two occasions. She also failed to respond on a third date which was scheduled by agreement between counsel. Instead, her counsel appeared and advised that his client would not consent to be deposed, nor would she make available the corporate records subpoenaed by the Cabinet.

Thereafter the Cabinet moved for a default judgment against Williams, pursuant to CR 37.02, which was first entered and then set aside after the appellee filed a counter motion for judgment on the pleadings. The trial court then took the entire matter under submission and then entered a final "judgment" which is the subject of this appeal.

Two issues argued by the parties were under submission when the trial court rendered judgment: first the substantive law question as to whether the Cabinet had stated a cause of action against Williams in its Complaint, and then the procedural law question as to whether the Cabinet was entitled to default judgment against Williams for ignoring the court's subpoena duces tecum and failing to appear to be deposed. Although Williams has argued otherwise in this appeal, the only reasonable interpretation of the language in the final judgment is that the Cabinet prevailed on *both* substantive and procedural grounds.

The language of the final judgment in this case specifies that Williams "failed to appear to be deposed after having been granted ample opportunity" and "ignored" the court's subpoena duces tecum. It then specifies that the allegations of the Complaint "are admitted," which in context means *deemed* admitted, and that the Cabinet is entitled to judgment "as a matter of law," which must mean default judgment.

When the allegations of the Complaint are taken as admitted, this expresses relief granted under CR 37.02 and CR 37.04 upon

a party's failure to comply with court ordered discovery. Such relief includes the power to regard claims made against a party as "established for the purposes of the action," "striking out pleadings or parts thereof," "or rendering a judgment by default against the disobedient party." CR 37.02(2).

Williams appealed. The Court of Appeals reversed, setting aside the trial court's judgment, stating as its holding:

"[B]efore a civil penalty can be enforced against a corporate officer, there must be a finding that said officer willfully *and* knowingly failed or refused to abide by a final order of the secretary. As the Cabinet did not initiate administrative proceedings against Vicki to determine whether she, in fact, is liable under KRS 350.990(9), we must reverse the judgment of the Franklin Circuit Court."

We have accepted discretionary review and reverse the Court of Appeals for reasons that follow.

There are two issues, one substantive and one procedural.

■ The substantive law argument advanced by Williams, and adopted in the language of the Court of Appeals' decision, is that before a civil penalty for a mining violation can be enforced in circuit court against her as a corporate officer, the Cabinet must first prove in "administrative proceedings" that "she, in fact, is liable under KRS 350.990(9)"; "that said officer willfully *and* knowingly failed or refused to abide by a final order of the secretary." Williams was not a party to the administrative proceedings against Ancon and the Court of Appeals reversed giving this as the reason. The effect of the Court of Appeals' decision is to declare the circuit court proceedings against Williams void from inception, thus vitiating the procedural default referred to in the judgment which takes the allegations of the Complaint as "admitted" because the subpoena duces tecum "was ignored."

We disagree with the Court of Appeals' statutory interpretation. In subparagraphs one (1) and three (3), KRS 350.990 specifies that Franklin Circuit Court shall have "concurrent[1] jurisdiction and venue of all civil and injunctive actions instituted by the cabinet ... for the enforcement of the provisions of this chapter or the orders, rules, and regulations of the cabinet promulgated pursuant thereto."

The language of subsection nine (9) of KRS 350.990 which covers Williams' liability in the event the "corporate permittee ... fails or refuses to comply with any final order issued by the secretary," necessarily implies that the enforcement procedure provided for therein against the corporate officer "who willfully and knowingly authorized, ordered, or carried out such ... failure or refusal" shall be in Franklin Circuit Court because liability is predicated on failure by the corporate permittee to comply with the secretary's "final order." Chronologically, such failure can only occur after the administrative procedure against the corporation has culminated in an order that has been disobeyed. The purpose of this subsection is to impose an *additional* liability upon the corporate officer upon proof of willful and knowing complicity in the failure by the corporate permittee to respond to the secretary's order.

Thus the statute is structured to permit the corporate officer to be joined as an additional defendant with the corporate permittee in the enforcement stage at the Franklin Circuit Court level, if liability is alleged and proved against the corporate officer pursuant to KRS 350.990(9).

■ The Complaint against Williams alleges liability as the statute provides. There is no "due process" problem under the Fourteenth Amendment, U.S. Const., nor "arbitrary power" problem under Section 2, Ky. Const., because no liability attaches without a reasonable basis in fact, and notice and an opportunity to be heard. The Cabinet undertook discovery procedures as provided in the Civil Rules which

---

1. Apparently the statute uses the word "concurrent" because initially the Cabinet undertakes enforcement by administrative procedures, utilizing circuit court only after the operator fails to respond to the Cabinet's orders and penalties.

were appropriate to establish Williams' liability for willful and knowing complicity in the corporate permittee's failure to obey the secretary's order fixing civil penalties. If, as alleged, "Vicki L. Williams is the sole shareholder and president of Ancon Construction Company," certainly there was reason to believe that her testimony and the corporate records, the subject of the subpoenas which she ignored, would reveal a factual basis for proving liability in circuit court. Williams was entitled to defend against the allegations which would establish her liability, but not by refusing to comply with discovery procedures directed at the pertinent information. CR 37.02 and 37.04 provide sanctions for such conduct against a disobedient party, sanctions which include the relief granted in the final judgment taking the allegations of the Complaint as admitted and entering judgment as a matter of law. This type of sanction is a drastic measure, and should be utilized cautiously and judiciously. As we stated in *Baltimore & Ohio Railroad Co. v. Carrier*, Ky., 426 S.W.2d 938 (1968), this rule "envisions a consciousness [sic] and intentional failure to comply." 426 S.W.2d at 940. Nevertheless, the record here is replete with facts and circumstances supporting the trial court's decision that such was the case. The trial court reasonably concluded that Williams had unilaterally decided that she would not consent to be deposed, nor would she make available the corporate records subpoenaed by the Cabinet. Indeed, the only thing in the record to suggest otherwise are some feeble explanations offered by counsel in a "motion to set aside judgment" filed *after* the final judgment was entered. Certainly this motion did not compel a change in result.

*Nowicke v. Central Bank & Trust Co.*, Ky.App., 551 S.W.2d 809 (1977) provides an excellent discussion of the pros and cons involved in imposing the severe sanction of a default judgment for failure to provide or permit discovery, and of appellate considerations in reviewing the trial court's decision to do so. A default judgment is warranted when "the totality of the facts and circumstances" justifies the trial court's conclusion that the defendant has willfully failed to cooperate in discovery. 551 S.W.2d 811. From this record we conclude, as did the trial court, that Williams believed that she was completely insulated by her defunct corporation from personal liability and that she had no liability for civil penalties under any circumstances because she was not named as a party at the administrative level. Substantively she was incorrect. She had a right to contest the legal issues regarding her liability in circuit court, but not by refusing to permit discovery. A procedural default is appropriate in such circumstances.

◼ There is one other problem here peripherally involved in the question of procedural default presented in rather oblique fashion by Appellee's Brief. Williams argues, *inter alia*, "[t]he action failed to alledge [sic.] as required by KRS 990(9) [presumably KRS 350.990(9)] that the Appellee, as an officer or [of ?] a corporation, willfully and knowingly violated the regulations in order to be personally liable." The applicable section of the statute is specified by number in two places in the Complaint as providing the basis for her liability. We understand appellee's objection to be that the allegations against Williams do not go further, do not spell out the language within the statute setting up the circumstances under which a corporate officer is liable for the corporation's failure to comply with the secretary's order providing civil penalties against the corporation.

Presumably the appellee is arguing that a Complaint which fails to state a claim upon which relief can be granted will not support a default judgment. We have so held in the limited circumstances presented in *Morgan v. O'Neil*, Ky., 652 S.W.2d 83 (1983). CR 8.01 requires that the Complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Morgan v. O'Neil* turned on a critical failure to allege any legal basis whatsoever for holding the shareholder personally liable for the corporate debt. The Opinion goes on to state that "a shareholder may be liable for a corporate debt either by 'piercing the cor-

porate veil' or by *statutory authorization*" [emphasis added], but concluded that a Complaint which alleged neither was fatally defective. *Id.* at 85. In the present case the Cabinet's Complaint alleges "statutory authorization," *Morgan, supra,* stating in paragraph four (4) that Williams is "liable for the activities of Ancon ... pursuant to KRS 350.990(9)," and in paragraph fifteen (15) that Williams "is subject to the same civil penalties as those assessed against the corporation, pursuant to KRS 350.990(9)."

In Kentucky, we have long since followed the Federal Rules of Civil Procedure in discarding the "skirmishing and shadowboxing of the strict pleaders" of the old common law system for notice pleadings: "All that is necessary is that a claim for relief be stated with brevity, conciseness and clarity." *See* Bertlesman and Phillips, *Kentucky Practice,* Rule 8.01, pp. 144–45, and the article by Judge Charles E. Clark, *Simplified Pleading,* 2 F.R.D. 456, quoted therein. The Cabinet's Complaint in this case specified that Williams' individual liability was as sole shareholder and president "pursuant to KRS 350.990(9)." This provides adequate notice of the statutory basis for her liability without further parroting or paraphrasing the language within the statute. All that our procedure presently requires is that the Complaint set out "facts or conclusions ... sufficiently to *identify* the basis of the claim." Clay, *Kentucky Practice,* 3d ed., Rule 8.01, pp. 133–34. The former debate about "ultimate facts" or "conclusions of law" or "statements of evidence" is no longer viable. *Id.* If Williams wished to challenge the sufficiency of the Complaint, she was required to proceed by *Motion to Dismiss for Failure to State a Claim* under CR 12.02(f). If she considered that the claim as stated was "so vague or ambiguous" that she could not reasonably respond, she should have filed a *Motion for More Definite Statement* under CR 12.05. She has done neither. What she could not do was ignore the discovery process simply because she thought the pleadings against her were inadequate, and then on appeal attack the judgment against her as void

because she thought the allegations of the Complaint were insufficient. On page three of her *Memorandum of Law* filed in support of a CR 12.03 *Motion for Judgment on the Pleadings,* filed on *other grounds,* Williams referred briefly to this subject. The paragraphs discussing this matter in her Memorandum of Law were not adequate to raise the issue. Instead, they serve only to further establish that when she failed to comply with discovery procedures as required by the civil rules she was fully on notice of the nature of the claim against her. The record and the Briefs in this case support the decision of the trial court that Williams was engaged in abusing the Civil Rules to construct a procedural obstacle course, no doubt in order to avoid confronting the substantive issues on their merits. Like the trial court, we do not condone such abuse of the system.

The decision of the Court of Appeals is reversed. The judgment of the trial court is affirmed.

All concur, except COMBS, J., not sitting.