TRIPLE M MINING COMPANY, INC.;
Mickey M. Martin, Individually,
Appellants,

v.

NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, etc., Appellee.

No. 94–CA–0395–MR.

Court of Appeals of Kentucky.

June 30, 1995.

Case Ordered Published by
Court of Appeals Aug. 18, 1995.

Discretionary Review Denied by
Supreme Court Oct. 11, 1995.

Thomas W. Moak, Stumbo, Bowling & Barber, P.S.C., Martin, for appellants.

Stanley C. Nickell, Frankfort, for appellee.

Before LESTER, C.J., and HUDDLESTON and JOHNSTONE, JJ.

LESTER, Chief Judge.

This is an appeal from a summary judgment granting the relief sought by appellee which was the enforcement of an order of the Secretary of the Natural Resources and Environmental Protection Cabinet.

Mickey M. Martin was the incorporator, sole officer, president and general manager of day to day operations, process agent, director, sales officer and owner of all the stock of Triple M Mining Company, Inc. Answers to interrogatories suggest that Martin was the corporation and the corporation was Martin. The business conducted was that of underground coal mining in or around Drift, Kentucky. The Commonwealth issued the customary permit for the operation effective December 12, 1984, to the corporation and by October 29, 1990, the company was in noncompliance with the requirements of the permit in many respects. Notices of noncompliance, cessation orders, notice of pro-

posed assessments and a form upon which the company could request an administrative hearing were all sent by certified mail, several of which were receipted for by H. Martin, Mickey Martin's father and business associate. No request for a hearing was made by Triple M but one was held resulting in orders finding that failure to request a hearing resulted in waiver thereof and imposing penalties totaling $101,000 against the corporation. Martin was not a party to the administrative procedures.

The next step was the filing of a complaint in the Franklin Circuit Court by appellee against the corporation, Mickey Martin and Reba Martin seeking an injunction requiring remedial measures, the civil penalties, an additional penalty of $5,000 each, interests and costs. Reba was subsequently dismissed as a party defendant. Appellee filed a motion for summary judgment to which Martin responded with a demand for trail by jury. The court reviewed the administrative record, the several memoranda filed by the respective parties and conducted an evidentiary hearing and sustained the motion finding that Martin was a director, officer and agent of the corporation; that he had adequate notice of all stages of the proceedings; that he made no effort to abate the violations; that he was liable for penalties pursuant to KRS 350.990(9); and entered judgment pursuant to the prayer of the complaint against Martin. Appellant then requested additional findings of fact and directed the court's attention to his earlier request for a jury trial. This effort availed Martin nothing but a denial.

To this Court appellant raises several meritless issues, the first of which is that he cannot be found individually liable for penalties assessed by the administrative agency against the corporation. In his argument directed at this contention, Martin devotes much space to the proposition that the lower court erroneously pierced the corporate veil. The court did not follow that avenue but rather found personal liability under KRS 350.990(9) which provides:

When a corporate permittee violates any provision of this chapter or administrative regulation issued pursuant thereto or fails or refuses to comply with any final order issued by the secretary, any director, officer, or agent of the corporation who willfully and knowingly authorized, ordered, or carried out the violation, failure or refusal shall be subject to the same civil penalties, fines, and imprisonment as may be imposed upon a person pursuant to this section.

This statute presupposes that a corporate permittee be found guilty of a violation(s) and that a final order has been issued pertinent thereto and that there is a failure or refusal to comply before the individual entity can be held responsible. This is implicit in the language quoted above. Following the failure or refusal to act by the corporate permittee, then the Cabinet seeks enforcement of its order in the Franklin Circuit Court against the corporation and/or director, officer or agent. KRS 350.990(3). We find no statutory provision necessitating the naming of an individual, if the person is not the permittee, in the administrative proceeding as a prerequisite to the imposition of personal liability in the circuit court. The statute forms the basis for Martin's liability, not a piercing of the corporate veil. We note that appellant makes no mention in his brief that Triple M Mining had its charter revoked by the Secretary of State. In conclusion on this point, we need only to refer to a portion of the opinion in *Natural Resources and Environmental Protection Cabinet v. Williams*, Ky., 768 S.W.2d 47, 49 (1989), to the effect:

The language of subsection nine (9) of KRS 350.990 which covers Williams' liability in the event the "corporate permittee ... fails or refuses to comply with any final order issued by the secretary," necessarily implies that the enforcement procedure provided for therein against the corporate officer "who willfully and knowingly authorized, ordered, or carried out such ... failure or refusal" shall be in Franklin Circuit Court because liability is predicated on failure by the corporate permittee to comply with the secretary's "final order." Chronologically, such failure can only occur after the administrative procedure against the corporation has culminated in

an order that has been disobeyed. The purpose of this subsection is to impose an *additional* liability upon the corporate officer upon proof of willful and knowing complicity in the failure by the corporate permittee to respond to the secretary's order.

■ Martin next argues that he did not receive notices of the administrative orders and forms that he was to complete if he desired a hearing. The record reflects that the aforementioned documents were sent by certified mail to the corporate permittee and in several instances were signed for by Martin's father who was also his business associate. Bearing in mind appellants' deep involvement with the corporation and the provision of 405 KAR 7:090 § 6(3) as discussed in *Bingham v. Natural Resources and Environmental Protection Cabinet,* Ky.App., 766 S.W.2d 77, 78 (1989), we conclude that Martin did have notice within the law. *Bingham* provides:

> Bingham argues that it was a violation of his right to due process to not personally serve the notice and that 405 KAR 7:090 § 6(3) is unconstitutional. Bingham cites various sections of Am.Jur.2d which he maintains support his position.
>
> The sections of Am.Jur.2d cited by Bingham are taken somewhat out of context. More importantly, Bingham ignores other more relevant sections such as 62 Am. Jur.2d *Process* § 65 which states in pertinent part:
>
> > Due process of law is sufficiently observed in proceedings before administrative bodies, when the parties are residents of the state, by such service of notice as affords parties a reasonable opportunity to be heard, as by service of notice by registered mail.
>
> *See* 2 Am.Jur.2d *Administrative Law,* §§ 360, 361.

*United States v. Bolton,* 781 F.2d 528 (6th Cir.1985) is quite similar to the instant case. A Tennessee Coal Company and its owners were given two notices of violations and three cessation orders by the Office of Surface Mining. OSM sent proposed civil penalties to the Company by certified mail. These notices of assessment and the citations themselves were returned variously marked as "refused," "unclaimed" and "out of business." The Coal Company did not pay these penalties or take an administrative appeal of the assessments. When OSM filed a collection action in federal court, the defendants challenged the constitutionality of service by certified mail.

In *Bolton, supra,* the federal regulations permitted the service of a notice of a cessation order or of a violation or a notice of a civil penalty assessment by certified mail. These regulations also provided that service would be complete on tender of the mail and shall not be considered incomplete because of refusal to accept.

Our court of last resort had an opportunity to review the constitutionality of KRS 350.990(9) in *Williams, supra,* and found it to have no conflict with the due process provisions of the Fourteenth Amendment, United States Constitution, or the arbitrary powers language of Section 2 of the Kentucky Constitution, so we will not further address appellants' attack from this standpoint.

■ Martin claims a summary judgment was improperly entered against him. What he overlooks is that the complaint filed against him in the circuit court was an enforcement action for compliance with the administrative order and to impose penalties. Any factual issues should have been raised and litigated before a hearing officer in the administrative stage, but appellant chose to ignore the notices sent by appellee and accordingly, waived his right to present his case. Moreover, the circuit court did afford him a hearing whereat he had every opportunity and did offer evidence. He is in no position to complain about a summary judgment.

■ In conclusion, we wish to merely point out that specific factual findings are not required in summary judgments, CR 52.01; *Wilson v. Southward Investment Co.,* Ky. App., 675 S.W.2d 10, 13 (1984), and there is no mandated trial by jury in KRS Chapter 350 proceedings.

The judgment is affirmed.

All concur.