COMMONWEALTH of Kentucky, Natural Resources and Environmental Protection Cabinet, Appellants,

v.

Lynn EVANS and Denzil Coleman, Appellees.

and

Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet, Appellants,

v.

E & C Coal Company, R & H Mineral Enterprises of Western Kentucky, Inc., and Denzil Coleman, Appellees.

No. 1999–SC–0209–DG.

Supreme Court of Kentucky.

Jan. 25, 2001.

Laura Hunter, Tamara J. Patrick, Frankfort, for Appellants.

Donald Duff, Frankfort, for Appellees.

STUMBO, Justice.

This appeal arises from two cases which we have chosen to hear together, based on similarity of issues. The issue underlying both of these cases is whether individual civil penalties can be imposed against shareholders, directors, or agents of a corporation during administrative review, or whether such penalties must await an enforcement action against the corporation in circuit court.

Though the individual facts of the two cases differ slightly, the crux of the dilemma resides in the fact that two coal companies failed to secure valid performance bonds, placing them in violation of KRS 350.060. Denzil Coleman was the sole shareholder and officer of E & C Coal Co. and R & H Coal Co., the companies in question in *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. E & C Coal Company, et al.* Both companies held mining permits and performance bonds as required by law. The sureties of the bonds became insolvent and thus left the permits without bond coverage. As a result, the companies were in violation of KRS 350.060. The Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet (hereinafter "Cabinet"), issued notices of noncompliance to E & C and R & H. Both companies were ordered to complete remedial measures, including obtaining new bond coverage, or demonstrating efforts to obtain a new bond. The companies failed to secure valid performance bonds and the Cabinet issued cessation and immediate compliance orders.

The Cabinet eventually brought an administrative action to impose civil penalties upon the companies and Coleman individually, and were successful. This appeal followed.

The second case, *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. Evans, et al.*, is almost factually identical, except that the administrative complaint sought to impose civil liability against Lynn Evans and Denzil Coleman (also a respondent in *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. E & C Coal Company, et al.*), as co-guarantors on a performance bond for a site mined by permit holder Poplar Grove Mining Co., Inc. This bond also became invalid due to insolvency of the surety. The Cabinet secretary found, just as in *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. E & C Coal Company, et al.*, that individual liability could be imposed against Coleman and Evans.

In both cases, the administrative action was appealed to the Franklin Circuit Court. On appeal, the circuit court affirmed the secretary's orders with respect to the companies, but vacated the orders to the extent that they imposed any individual liability on Coleman or Evans. The Court of Appeals affirmed that opinion in both cases. We granted discretionary review, and now reverse the Court of Appeals.

■ Individual liability is addressed under KRS 350.990(9):

> When a corporate permittee violates any provision of this chapter or administrative regulation promulgated pursuant thereto or fails or refuses to comply with any final order issued by the secretary, any director, officer, or agent of the corporation who willfully and knowingly authorized, ordered, or carried out the violation, failure or refusal shall be subject to the same civil penalties, fines, and imprisonment as may be imposed upon a person pursuant to this section.

The Franklin Circuit Court, and subsequently the Court of Appeals, read this section to mean that individual liability may only be assessed after the corporation has failed to comply with a final order of the secretary. The courts below also read *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. Williams*, Ky., 768 S.W.2d 47 (1989) as bolstering that idea. The language they found persuasive is as follows:

> The language of subsection nine (9) of KRS 350.990 which covers Williams'

liability in the event the "corporate permittee ... fails or refuses to comply with any final order issued by the secretary," necessarily implies that the enforcement procedure provided for therein against the corporate officer "who willfully and knowingly authorized, ordered, or carried out such ... failure or refusal" shall be in Franklin Circuit Court because liability is predicated on failure by the corporate permittee to comply with the secretary's "final order." Chronologically, such failure can only occur after the administrative procedure against the corporation has culminated in an order that has been disobeyed.

*Id.* at 49. (Ellipses in original).

It is clear from the record in this case that there has been no enforcement action in circuit court against a corporate officer for disobeying the secretary's order. The action in Franklin Circuit Court was simply an appeal of the action to assess penalties, not to enforce them. However, we believe that is irrelevant to the current proceeding. The Cabinet correctly observed that KRS 350.990 does not confine individual liability to the sole circumstance where the corporation fails to comply with a final order of the secretary. Liability can also be predicated upon another condition under KRS 350.990, which is when the "corporate permittee violates any provision of [the] chapter or administrative regulation issued pursuant thereto."

■ In the case against E & C Coal Co. and Coleman, the secretary determined that the corporation violated a provision of chapter 350, namely KRS 350.060. There is no dispute that the secretary has the power to make such a determination. KRS 350.990 also gives the secretary the power to determine that the individual officer "willfully and knowingly authorized, ordered, or carried out the violation, fail-

ure or refusal," which the secretary did in this case. The secretary found that, "[d]efendant Coleman, with plain indifference to legal requirements, omitted to act within the 90 days to comply with remedial measures set forth in the Non–Compliances, and this failure to act resulted in a violation of 350.060, which entitled the Cabinet to issue the Cessation Orders." We believe this finding shows that Coleman willfully and knowingly authorized, ordered, or carried out the violation. As a result, KRS 350.990 allows the secretary to impose "the same civil penalties" he might otherwise order under this section. We therefore interpret this statute to mean that the secretary may make the determination, at this stage, that the officer was individually liable.

This same analysis applies to the case against Evans and Coleman as co-guarantors on the surety bond. The secretary found, in his order, that the company violated 405 KAR 16:110; :020; and:190, which are "administrative regulation[s] promulgated pursuant" to a provision of KRS 350. The secretary, in his order, further determined that "[d]efendants, with plain indifference to legal requirements, omitted to act within the 90 days for compliance with remedial measures set forth in the Non–Compliance, and this failure to act resulted in a violation of KRS Chapter 350, which entitled the Cabinet to issue the Cessation Order." *Id.* Again, this finding by the secretary shows that Evans and Coleman "willfully and knowingly authorized, ordered, or carried out the violation." Therefore, in this case, the secretary may also impose "the same civil penalties" he might otherwise order under this section.

We also find the lower court's interpretation of *Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet v. Williams,* Ky., 768

S.W.2d 47 (1989), erroneous. In that case, the president and sole shareholder, whom the Cabinet were trying to hold individually liable, had not been a party to the administrative proceeding which resulted in the secretary's order of penalties against the corporation. *Id.* at 48. There is nothing in the *Williams* opinion which suggests that an officer of a corporation cannot be held liable at the administrative stage if he or she is a party to that proceeding. In fact, we have previously upheld the administrative level imposition of civil penalties where the agent of the company was a party to the original proceeding. *See Couch v. Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet,* Ky., 986 S.W.2d 158 (1999). In both of the cases at bar, the administrative actions of the Cabinet involved the individual parties in question, thus these cases are distinguishable from *Williams.*

Further, the *Williams* case discusses when an officer can be held liable for the refusal of the company to comply with a final order to pay penalties. As discussed *supra,* the Cabinet is not claiming liability under that portion of the statute. Instead, they are claiming liability under the other disjunctive condition—willfully authorizing the violation of a provision of KRS 350.

For the reasons stated above, we reverse the Court of Appeals, and remand to the Franklin Circuit Court for further proceedings in conformity with this opinion.

All concur.