**FIRESTONE TEXTILE COMPANY DIVISION, FIRESTONE TIRE AND RUBBER COMPANY, Appellant,**

v.

**Tom MEADOWS, Appellee.**

Supreme Court of Kentucky.

Nov. 23, 1983.

Rehearing Denied April 19, 1984.

Wells T. Lovett, Mark R. Hutchinson, Lovett, Lamar & Hutchinson, Owensboro, for appellant.

Joseph R. Huddleston, Huddleston Brothers & Duncan, Bowling Green, for appellee.

Edward Katze, William K. Principe, Constangy, Brooks & Smith, Atlanta, Ga., Tommy Chandler, Providence, for amicus curiae, Pyro Mining Co.

LEIBSON, Justice.

Tom Meadows was employed as a maintenance specialist at Firestone Textile Company in Bowling Green, Ky. He suffered a back injury and was off work for a substantial period of time. Thereafter, according to his testimony, he was first assigned light duty, then assigned duties beyond his capacity, and then terminated for seeking workers' compensation benefits.

Meadows seeks damages alleging he was wrongfully discharged. The trial court held that if he was discharged in retaliation for seeking workers' compensation benefits the discharge was wrongful, and submitted the question of the truthfulness of the allegation to a jury. The jury found for Meadows and assessed damages. The Court of Appeals affirmed. We granted discretionary review and now affirm both the judgment in the trial court and the decision of the Court of Appeals.

■ The issue is does a complaint seeking damages for wrongful discharge because an employee was terminated for pursuing a claim under KRS Chapter 342 for workers' compensation state a cause of action?

Meadows concedes that ordinarily an employer may discharge his at-will employee for good cause, for no cause, or for a cause that some might view as morally indefensible. *Production Oil Co. v. Johnson*, Ky., 313 S.W.2d 411 (1958); *Scroghan v. Kraftco Corp.*, Ky.App., 551 S.W.2d 811 (1977). But the question before us is not whether the "terminable at-will" doctrine should be discarded. It is much narrower: (1) should there be any exceptions, and, (2) if so, is the Workers' Compensation Act grounds for recognizing such an exception?

*Brockmeyer v. Dun & Bradstreet*, 335 N.W.2d 834, 835 (Wis.1983), is an excellent treatise on the first question, whether to permit "any judicial exceptions to the employment at-will doctrine." The Wisconsin Supreme Court concludes "that in the interests of employees, employers and the public, a narrow public policy exception should be adopted," and then adopts the following rule:

"(A)n employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law.... The public policy must be evidenced by a constitutional or statutory provision. An employee cannot be fired for refusing to violate the constitution or a statute. Employers will be held liable for those terminations that effectuate an unlawful end." 335 N.W.2d at 840.

We have already recognized a cause of action for wrongful discharge based on public policy implicit in an act of the legislature. *Pari-Mutuel Clerks' Union v. Ky. Jockey Club*, Ky., 551 S.W.2d 801 (1977). In that case an at-will employee alleged he was discharged because he authorized a labor union to represent him for purposes of collective bargaining. The employee rested his claim for wrongful discharge on KRS 336.130(1), which provides in pertinent part that "Employees may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate" for them.

KRS 336.130, the collective bargaining statute, neither refers specifically to wrongful discharge nor provides a private remedy. Nevertheless, we held that the employee was entitled to assert a claim for wrongful discharge and recover whatever damages he sustained.

> "The complaint herein, ... adequately raises the issue of whether the termination of Wilson's employment was in violation of KRS 336.130, which, if proved before the trial court, entitles Wilson under KRS 446.070 to recover from his former employer whatever damages he has sustained by reason of the violation." 551 S.W.2d at 803.

KRS 446.070 provides that "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation."

Is termination for pursuing a claim under the Workers' Compensation Act a violation of that Act in the same sense that termination for pursuing collective bargaining rights was considered a violation of the collective bargaining statute? The Kentucky Court of Appeals thought so. In its opinion in this case it held:

> "The Workers' Compensation Act has no provisions specifically restricting an employer from discharging an employee for the latter's exercise of his rights thereunder. Nevertheless, it does plainly exhibit a policy that employees should be free to accept or reject coverage without coercion by their employers, KRS 342.-395, and that they should not be deceived into foregoing lawful claims for benefits or into accepting less than is due them. KRS 342.335."

Implicit in these sections, and in the Act as a whole, is a public policy that an employee has a right to be free to assert a lawful claim for benefits without suffering retaliatory discharge. Speaking through Judge Wilhoit, the Court of Appeals states:

> "If it were otherwise, the beneficent purposes of the Act could often be effectively frustrated by merely threatening employees with discharge. A statute need not expressly state what is necessarily implied. *National Surety Co. v. Commonwealth ex rel. Coleman*, 253 Ky. 607, 69 S.W.2d 1007 (1934)."

KRS Chapter 446 covers "Construction of Statutes." KRS 446.080(1) provides that:

> "All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state."

The mandate of KRS 446.080 is particularly applicable to the Workers' Compensation Act which is often cited as an act to be liberally construed to effect its remedial purpose. All presumptions will be indulged in favor of those for whose protection the enactment was made. See cases cited in *Kentucky Digest*, Vol. 19B, Workmen's Compensation, Secs. 51–52.

We do not abandon the "terminable at-will" doctrine. We adhere to the policy of the law as stated by the Kentucky Court of Appeals in *Scroghan v. Kraftco Corp., supra.* Scroghan claimed he was wrongfully discharged because he "announced his intention to attend law school at night." The court held there was no cause of action; that protection of the employee should not extend beyond "constitutionally protected activity" or "public policy" as established

by "legislative determination." *Scroghan, supra* at 812. But the legislature need not expressly create a private remedy before the courts can recognize public policy as established by legislative determination.

The common law is not a stagnant pool but a "mighty" stream. *City of Louisville v. Chapman,* Ky., 413 S.W.2d 74, 77 (1967). We should provide a remedy where the wrong and the damages are clearly defined and commonly recognized. To paraphrase Mr. Justice Holmes, "the law embodies beliefs that have triumphed in the battle of ideas;" when the battle of ideas is over, "the time for law" has come. Holmes, *Law and the Court,* in *Collected Legal Papers,* 294–95 (1920).

To quote Mr. Justice Brandeis:

"The unwritten law possesses capacity for growth; and has often satisfied new demands for justice by invoking analogies or by expanding a rule or principle." *International News Service v. Associated Press,* 248 U.S. 215, 262, 39 S.Ct. 68, 80, 63 L.Ed. 211 (1918).

The question remains whether the cause of action for wrongful discharge should be maintained in tort or contract or both. The cause of action is inconsistent with the law of contracts where duties are established by the terms of the contract, but perfectly consistent with the law of torts. It is but another facet of compensation for outrageous conduct as described in *Restatement (Second) of Torts,* Sec. 46 (1965), interference with prospective advantage as described in *Prosser, Law of Torts,* Sec. 130 (4th Ed.1971), and invasion of privacy as described in *Restatement (Second) of Torts,* Sec. 652A & B (1965).

Employers as a group have a legitimate interest to protect by having the cause of action for wrongful discharge clearly defined and suitably controlled. Therefore, we adopt this further rule from the decision of the Wisconsin Supreme Court in *Brockmeyer v. Dun & Bradstreet, supra:*

"The determination of whether the public policy asserted is a well-defined and fundamental one is an issue of law and is to be made by the ... court." 335 N.W.2d at 841.

When a discharged employee seeks to establish a cause of action for wrongful discharge, it is a question of law for the court to decide whether the reason for discharge is unlawful because of a constitutionally protected right or a right implicit in a statute.

Should courts judicially recognize a cause of action for wrongful discharge where an employee at-will has been discharged solely because he filed a workers' compensation claim? Indiana so held in *Frampton v. Central Indiana Gas. Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973). Although there was *no* statute expressly prohibiting discharge of an employer because he filed a compensation claim, the Indiana Supreme Court held:

"If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right." 297 N.E.2d at 427.

Cases from Illinois, Kansas, Michigan, New Jersey, Oregon, Missouri, California, and the United States Fifth Circuit Court of Appeals have reached a similar result. The public policy considerations expressed by the Workers' Compensation Act are no longer subject to debate. "(T)he battle of ideas" is over and the "time for law" has come. Holmes, *supra.*

In enacting KRS Chapter 342 of the Kentucky Revised Statutes, the legislature set forth a comprehensive scheme for compensating employees injured on the job. It is an important public interest that injured employees shall receive, and employers shall be obligated to pay, for medical expenses, rehabilitative services and a portion of lost wages. Injured employees should not become public charges. If that is the public policy of Kentucky, and it is, then action on the part of an employer which

prevents an employee from asserting his statutory right to medical treatment and compensation violates that policy. The only effective way to prevent an employer from interfering with his employees' rights to seek compensation is to recognize that the latter has a cause of action for retaliatory discharge when the discharge is motivated by the desire to punish the employee for seeking the benefits to which he is entitled by law.

We affirm the decision of the Kentucky Court of Appeals and the judgment of the trial court in this action.

STEPHENS, C.J., and AKER, GANT and LEIBSON, JJ., concur.

VANCE, J., agrees with the legal principles as stated herein but would hold that the instructions of the trial court on the subject were erroneous because they did not require a jury finding that the sole reason for the firing was the fact that a compensation claim was filed.

STEPHENSON, J., dissents and files herewith a dissenting opinion in which WINTERSHEIMER, J., joins.

STEPHENSON, Justice, dissenting.

The majority opinion piously states that we do not abandon the "terminable at will" doctrine, yet a careful reading of the opinion reveals that the doctrine is abandoned. I imagine an ingenious lawyer can nearly always find a right "implicit in a statute," particularly when such a right can mean most anything as demonstrated by the majority.

Somehow this opinion rests on the foundation that *Firestone* violated a statute. This foundation is necessary for the reliance on KRS 446.070, a person injured by the violation of any statute etc. The statement that the Workers' Compensation Act was violated is pure sophistry. I am baffled as to how a comparison can be made between the collective bargaining statute and the situation here. Discharge for union activity is certainly "coercion" within the meaning of the statute and constitutes a violation of the statute. In *Pari-Mutuel Clerks Union* we did not recognize an action for wrongful discharge based on public policy implicit in an act of legislature as stated in the majority opinion. "Public policy" is not mentioned in the *Pari-Mutuel* case. In that case there was simply a holding of "coercion" in discharging the employee, thus constituting a violation of the statute and authorizing an action under KRS 446.070 to recover damages. There is absolutely nothing in *Pari-Mutuel* which can be used as authority for the majority opinion. Public policy should be left to the legislature.

The majority opinion is not based on reason, it is simply an expression of distaste for discharge of an employee for filing a claim for workers' compensation, "outrageous conduct" says the opinion. It will be interesting to see how this concept develops. An open invitation is extended to every discharged employee to file suit and see if the majority of this court agrees the discharge was for acceptable reasons. Violation of a right "implicit" in a statute is so vague as to cover about any situation the majority determines in its wisdom is contrary to the standards of justice.

The standard of implicit violation of a statutory right is little better than the Court of Appeals' opinion rationalizing an implied contract. Neither standard is logical or reasonable by any test.