798 F.2d 471
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joyce SYKES, Plaintiff-Appellant,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PADUCAH,
Martin Operle, Larry R. Powell, William Nagel, Ray Black,
J.E. Fall, Jr., James Needham, Randall Lockhart, Charles D.
Rhodes, Frank Beadles, James Green, Charles Browder, Charles
Binford, William Fossett and Richard Cardwell, Defendants-Appellees.
 No. 85-5584.
 United States Court of Appeals,
Sixth Circuit.
 June 17, 1986.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-Appellant, Joyce Sykes, brought an action in the United States District Court for the Western District of Kentucky, against the First Federal Savings and Loan Association of Paducah, and the individual members of the Board of Directors, alleging that she had been wrongfully discharged from "First Federal" as a bank teller. Ms. Sykes alleged in her complaint that she was terminated from employment in retaliation for her husband's filing of a petition for relief under Chapter 11 of the United States Bankruptcy Code. Jurisdiction was based on diversity. On May 28, 1985, the trial court entered a Memorandum Opinion and an Order dismissing the complaint with prejudice. We affirm for the reasons discussed below.
 
 
 2
 The trial court accepted the allegation that Ms. Sykes was dismissed in retaliation for her husband's discharge. Nonetheless, none of the legal theories plaintiff relies on withstands scrutiny.
 
 
 3
 First, plaintiff contends that the trial court erred in "overlooking" 11 U.S.C. Sec. 525(b) (1984) which prohibits private employers from terminating the employment of a person associated with a bankrupt in retaliation for the filing of a bankruptcy petition. If Section 525(b) applied, dismissal would have been inappropriate. Section 525(b) was added to the Bankruptcy Code by virtue of the Bankruptcy Amendments and Federal Judgeship Act of 1984, enacted July 10, 1984. Significantly, this amendment applies only to cases filed 90 days after the enactment of the Act, i.e. October 10, 1984. It is the date the bankruptcy petition is filed that controls the applicability of the statute. In the instant case, appellant's husband filed his petition for bankruptcy on May 24, 1984, before the effective date of Section 525(b). Accordingly, Section 525(b) is inapplicable to the instant case.
 
 
 4
 Second, petitioner contends that 11 U.S. C. Sec. 525(a) (1982), which prohibits a "governmental unit" from discriminating against someone associated with a bankrupt, was applicable to the instant case. The district court implicitly held that First Federal Savings was not a "governmental unit". We agree. Although Federal Savings and Loan Associations are regulated by Congress, they are not "governmental units" within the meaning of the Bankruptcy Code. This conclusion is made clear by Gibson v. First Federal Savings and Loan Association, 347 F.Supp. 560 (E.D.Mich.1972), in which an action was brought against a federal savings and loan association. An issue was raised as to the court's jurisdiction under 28 U.S.C. Sec. 1331 (1982). In deciding this issue, the court held that a federal savings and loan association is not a federal instrumentality, stating: "Thus it is clear that a savings and loan association, even though completely regulated by Congress, is an organization of private persons and does not enjoy the identity with the government that the Home Owners' Loan Corporation, or its regulatory agency, the Federal Home Loan Bank Board, does." Id. at 56 3.
 
 
 5
 A state court decision has come to the same conclusion. In Midwest Federal Savings and Loan Association v. Commissioner of Revenue, 259 N.W.2d 596, 598 (Minn.1977), the court held that a federal savings and loan association was not a federal instrumentality, finding that it was "an essentially private business organization .... It is wholly private in character; it is not a part of the Federal government and performs no substantial Federal function." The holding of this case makes it clear plaintiff cannot prevail pursuant to 11 U.S.C. Sec. 525(a) (1982).
 
 
 6
 Third, plaintiff contends that "public policy" under Section 525 prohibits the discriminatory discharge which took place. However, the fact that Section 525(b) was recently enacted to prohibit such discrimination indicates that before this amendment was enacted, "public policy" did not prohibit the bank's action.
 
 
 7
 In conclusion, the district court was correct in characterizing Sykes as an at-will employee, who may be discharged "for good cause, for no cause, or for a cause that some might view as morally indefensible". Firestone Textile Co. v. Meadows, 666 S.W.2d 730, 731 (Ky.1983). Accordingly, we affirm the decision below.