837 F.2d 1091
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas C. WEBSTER, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 87-5061.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1988.
 
 Before LIVELY, Chief Judge, and WELLFORD, Circuit Judge, and McRAE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Thomas C. Webster originally filed suit in state court charging defendant Allstate Insurance Company with (1) breach of an implied covenant of good faith and fair dealing stemming from an implied contract of employment; (2) wrongful discharge; (3) intentional infliction of emotional distress; (4) violation of K.R.S. 336.130(2), restraining employees from engaging in the practice of collective self-organization; (5) violation of his First Amendment right to free speech and of Section 1 of the Bill of Rights of the Kentucky Constitution; and, (6) an alleged right of recovery under K.R.S. 446.070. He sought compensatory damages and punitive damages. The action was removed to federal court. Thereafter, Webster sought to file an amended complaint seeking to add a claim that he had been wrongfully discharged because he refused to fill out an odometer statement that would allegedly violate federal law. The district court granted Allstate's motion for summary judgment, and denied Webster's motion to amend his complaint. This appeal ensued from the granting of summary judgment to Allstate.
 
 
 2
 Webster appears to be appealing only from the wrongful discharge determination.[1] Webster worked for Allstate for a number of years and held several different positions. He received poor performance reviews his last few years of employment and was discharged in June 1984. Webster claims that until June 1982 his performance ratings were equal to, or above, company standards and requirements. He claims that his poor reviews began in September 1982 and resulted from his refusal to comply with instructions from a new supervisor, George Clark. He asserts that in 1982 after refusing to follow these improper directions, he received his first unacceptable rating. This particular evaluation marked Webster down for insufficient quality and quantity of work, poor work relationships and a negative attitude. Webster refused to sign the reviews as he was permitted to do by company rules. Previously, in 1980, Webster's job responsibilities had shifted from adjusting bodily injury claims only to a new system which required him to handle many different types of insurance claims including property damages and automobile repairs.
 
 
 3
 Allstate's proof in support of its summary judgment motion demonstrated that Webster's performance ratings began to decline in early 1981 long before the alleged odometer incident, in which plaintiff refused to follow instructions from supervisor Clark. In his verified complaint, Webster alleged that Allstate pursued a course of conduct over three years to justify his discharge. This contention constitutes an acknowledgment that the alleged "odometer incident" in May of 1982 was not a primary basis for his poor reviews.
 
 
 4
 There is a dispute about what occurred on May 28, 1982, the "odometer incident" date. Webster claims that Clark directed him to fill out an odometer statement so that someone else could sign an owner's name in violation of K.R.S. 516.030(1). Allstate claims that Webster had mailed an odometer statement to one Larry Mackey after he had reported a total loss with respect to his car. The car was then in Allstate's possession and the odometer statement was needed as part of the transfer of title to the car from Mackey to Allstate in return for an insurance payment. Mackey returned the odometer statement but did not sign it because Webster himself had mistakenly placed the serial number of car instead of the mileage reading. Allstate asserts that Webster informed Clark that he had sent a corrected odometer statement to Mackey. Webster testified that Clark told him to go ahead and prepare the odometer statement without waiting for the return from Mackey in order to expedite the claim, and that he, Clark, would see that it was signed. When Webster refused, Clark withdrew the request after consulting with his superior.
 
 
 5
 Entirely apart from this episode, Allstate demonstrated that Webster refused to improve his work by participating in additional job training and that he complained often about his evaluations and the new system, requiring him to handle other claims besides bodily injury. Testimony reflected, unrefuted by any response of Webster, that Webster was seriously behind in his work assignments and that his backlog was growing weekly. Also, Webster implied in his own deposition testimony that he did not follow the new company system, but utilized his own organizational system.
 
 
 6
 The district court considered Webster's motion to amend his complaint as if it were allowed in deciding that summary judgment was appropriate. The district court found that Kentucky law permitted employees to be terminated at-will and acknowledged, as well, the public policy exception recognized in Firestone Textile Co. v. Meadows, 666 S.W.2d 730, 731 (Ky.1983); Grzyb v. Evans, 700 S.W.2d 399 (1985). Accepting Webster's version of the facts of the odometer incident, the court found no violation of Kentucky's criminal facilitation statute K.R.S. Sec. 516.030(1). We agree. Clark had requested Webster to fill in the correct odometer mileage and if Allstate subsequently transferred the car it would be required to execute an odometer statement in its own name, reflecting the mileage of a totally wrecked vehicle. The district court noted that the supervisor withdrew the request, even if technically improper, and it was thus "corrected in the give and take of the workplace." The court further found that Kentucky courts do not recognize an implied covenant of good faith and fair dealing as alleged by the plaintiff. The district court determined that giving Webster the benefit of his contention about the odometer episode, there were insufficient factual grounds as a matter of law to constitute outrageous conduct.
 
 
 7
 Allstate claims that the record, even read in a light most favorable to Webster, does not show a sufficient causal connection between the odometer incident and Webster's dismissal over two years later. We are satisfied that the district court was not in error in concluding that no fraudulent intent or intent to deceive existed in that respect on the part of Allstate. K.R.S. 190.300 was not violated because a "false" statement was not requested of Webster and Allstate was the transferee and not the transferor to which the statute applies. Furthermore, K.R.S. 186A.060 was inapplicable because it did not take effect until July, 1982, after the odometer incident.
 
 
 8
 The undisputed record reflected it was Ridoux, another supervisor, not Clark, who recommended Webster's termination. The record clearly indicates poor performance evaluations of Webster prior to the odometer incident. Summary judgment may be appropriate in employee termination causes where the employee alleges an improper or unlawful motivation in the discharge. See Locke v. Commercial Union Insurance Co., 676 F.2d 205 (6th Cir.1982); Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 70 (6th Cir.1982).
 
 
 9
 Webster conceded in his deposition testimony that his progress development summary (for 1981) demonstrated that he needed improvement to meet the expected level for the position, and that he was behind in his work at that time and until his termination.
 
 
 10
 Since Allstate did not request Webster to commit a crime, his wrongful discharge claim must fail because Webster does not fall within one of the recognized Kentucky exceptions to the terminable at-will doctrine. See Grzyb v. Evans, 700 S.W.2d 399, 402 (Ky. 1983). We affirm the decision of the district court for the reasons indicated and for the reasons set out in his memorandum opinion dated December 17, 1986, dealing with the state claims asserted.
 
 
 11
 We AFFIRM the judgment for defendant.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge, Western District of Tennessee, sitting by designation
 
 
 [1]
 Webster discussed only his wrongful discharge claim in his brief and on his oral argument on appeal