**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICKIE STONE,
Plaintiff-Appellant,

v.

STEPHEN SCHWARTZ; COMMONWEALTH
CLINICAL RESEARCH SERVICES,
INCORPORATED,
Defendants-Appellees.

No. 96-2215

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-96-7)

Submitted: August 29, 1997

Decided: September 12, 1997

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David R. Simonsen, Jr., Richmond, Virginia, for Appellant. Margue-
rite R. Ruby, C. Randolph Sullivan, HUNTON & WILLIAMS, Rich-
mond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vickie Stone filed this action against Stephen Schwartz and Commonwealth Clinical Research Services, Inc., alleging that her employment as a Clinical Research Associate was wrongfully terminated because of her sex and pregnancy and that Defendants retaliated against her by refusing to recall or rehire her. Finding that the Kentucky Civil Rights Act ("Act") provides a remedy for discrimination and preempts the area, the district court granted Defendants' motion for summary judgment on the wrongful discharge claim. The district court also determined that Stone failed to state a claim for retaliatory refusal to recall or rehire. We affirm.

I.

Kentucky recognizes the employment-at-will doctrine, allowing an employer to discharge an employee for any reason. See Firestone Textile Co. Div. v. Meadows, 666 S.W.2d 730, 731 (Ky. 1983). A narrow exception to this doctrine exists, and an employee may assert a wrongful discharge action if the discharge is contrary to a fundamental and well-defined public policy evidenced by a constitutional or statutory provision. The decision of whether the public policy asserted meets these criteria is a question of law for the courts to decide, not a question of fact. Grzyb v. Evans, 700 S.W.2d 399, 401 (Ky. 1985) (citing Brockmeyer v. Dun & Bradstreet, 335 N.W.2d 834 (Wis. 1983)).

Discrimination on the basis of pregnancy or sex is contrary to the public policy of Kentucky, as stated in the Kentucky Civil Rights Act. See Ky. Rev. Stat. Ann. § 344.040 (Michie 1997). However, as noted by the Kentucky Supreme Court in Grzyb, "the claim of sex discrimination would not qualify as providing the necessary underpinning for a wrongful discharge suit because the same statute that enunciates the

2

public policy prohibiting employment discrimination because of `sex' also provides the structure for pursuing a claim for discriminatory acts in contravention of its terms." Grzyb, 700 S.W.2d at 401. Where the same statute both creates the public policy and structures the remedy, it preempts the field of its application. Id.

The Kentucky Civil Rights Act prohibits discrimination by employers on the basis of sex and pregnancy and provides that an aggrieved person can seek administrative or judicial relief. See Ky. Rev. Stat. Ann. §§ 344.030(6), 344.200, 344.450 (Michie 1997). The Act then defines "employers" as persons having eight or more employees in the state of Kentucky. Ky. Rev. Stat. Ann. § 344.030(2) (Michie 1997). Assuming Stone was an employee of the Defendants, she was their only employee in the state of Kentucky. Therefore, the provisions of the Civil Rights Act do not apply to the Defendants.

Stone argued in the district court and in her brief that because she personally could not pursue a remedy under the Kentucky Civil Rights Act, she should be able to pursue a claim under the public policy exception. However, this argument is not supported by the language of the statute or by the Grzyb decision. Rather, the Kentucky Supreme Court stated that the Civil Rights Act "preempts the field of its application." Grzyb, 700 S.W.2d at 401. Recognizing a cause of action for wrongful discharge where the Kentucky legislature has limited the provisions to employers of eight or more within the state, would violate the intent of the legislature to clearly define and suitably control the parameters of the cause of action for wrongful termination. See Firestone Textile Co., 666 S.W.2d at 733.

Stone contends that her ability to state a claim under the public policy exception is supported by the decisions in Pari-Mutuel Clerks' Union v. Kentucky Jockey Club, 551 S.W.2d 801 (Ky. 1977), and Firestone Textile Co., 666 S.W.2d at 731. However, in neither of these cases did the statute which created the policy establish a remedy.

Because the Kentucky Civil Rights Act provides the remedy for the violation of the public policy expressed therein, Stone could not state a common law claim for violation of the Act, notwithstanding the fact

3

that she, personally, could not seek the relief provided under the Act because of the limiting definition of "employer."

## II.

Stone alleged in her second amended complaint that the Defendants failed or refused to recall, hire, or rehire her in retaliation for her opposing her unlawful discharge. She alleged that the Defendants hired or recalled other persons for the same position she held before she was terminated; however, she did not allege that she sought to be rehired by Defendants or that her attempt at reemployment was rejected by Defendants.

Stone seeks to assert this claim under § 344.280 and § 344.450 of the Kentucky Civil Rights Act, which provide in relevant part:

> It shall be an unlawful practice for a person . . .
>
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter.

Ky. Rev. Stat. Ann. § 344.280 (Michie 1997), and:

> Any person deeming himself injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained by him . . . .

Ky. Rev. Stat. Ann. § 344.450. Together, these statutes provide a statutory cause of action for retaliation against a person for opposing a practice declared unlawful by the Kentucky Civil Rights Act. However, the Kentucky Civil Rights Act declares unlawful the discrimination in employment by an employer of <u>eight or more within the state</u>. As addressed earlier, the Defendants are not "employers" under the Act. Because Stone cannot state a violation under§ 344.280, she cannot pursue a cause of action under § 344.450.

4

Stone also asserts that Ky. Rev. Stat. Ann. § 336.700 (Michie 1995), supports her claim. That provision, dealing with the state's labor cabinet, prohibits an employer of at least one employee from requiring as a condition of employment that the employee or person seeking employment waive, arbitrate, or otherwise diminish any existing or future claim, right, or benefit to which the employee or person seeking employment would otherwise be entitled under federal or state law. However, Stone failed to allege that she was an employee or a person seeking employment with the Defendants, and she failed to allege a claim, right, or benefit which the Defendants required her to waive as a condition of reemployment. Moreover, § 336.700 does not create a private right of action. We find that the district court properly determined that Stone failed to state a claim under which relief may be granted.

In conclusion, we affirm the district court's orders granting summary judgment on the pregnancy discrimination claim and dismissing the retaliatory refusal to recall or rehire claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5