NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a1017n.06
Filed: December 29, 2005

No. 04-5443

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DANNY L. MAIDEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| NORTH AMERICAN STAINLESS; STEVE | ) | EASTERN DISTRICT OF KENTUCKY |
| SHAVER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: GILMAN and COOK, Circuit Judges; MILLS, District Judge.[*]

PER CURIAM. Danny Maiden appeals two district court orders denying his motion to remand to state court and dismissing his complaint against his former employer North American Stainless ("NAS") and supervisor Steve Shaver. Finding no error in the district court's fraudulent-joinder conclusion and agreeing with the district court that Maiden failed to state a claim upon which relief may be granted, we affirm.

I

---

[*]The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

NAS, through its agent Shaver, discharged Maiden, an at-will employee. Maiden filed a complaint in state court alleging NAS and Shaver: 1) wrongfully discharged him in retaliation for his cooperating in a stolen-property investigation; and 2) intentionally interfered with his prospective employment relations after the discharge. NAS and Shaver removed the complaint to federal district court on diversity-jurisdiction grounds, claiming that Maiden fraudulently joined Shaver (a non-diverse party) to defeat federal jurisdiction. Maiden moved for remand to state court, saying that at the time of removal, non-diverse defendant Shaver precluded federal jurisdiction. The district court denied the motion, agreeing with NAS and Shaver that inasmuch as Maiden fraudulently joined Shaver, jurisdiction in the district court was proper.

NAS and Shaver then moved to dismiss under Fed. R. Civ. P. 12(b)(6). The district court dismissed both claims. This appeal followed.

II

We review de novo 12(b)(6) dismissals. *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003). We view the complaint in the light most favorable to Maiden, accept his factual allegations as true, and determine whether Maiden can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

As a preliminary matter, we assess the jurisdictional issue surrounding whether Maiden fraudulently joined Shaver. In deciding whether Maiden fraudulently joined Shaver, we examine

the complaint, as the district court did, to determine whether the complaint evidenced that Maiden "had at least a colorable cause of action against [Shaver] in the . . . state courts." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 549 (E.D. Ky. 2001).

In pleading both his wrongful-termination claim and his intentional-interference claim, Maiden targeted NAS as "acting by and through [Shaver] . . . ." But Maiden's complaint neither sought any relief directly from Shaver nor alleged that Shaver himself acted unlawfully; the complaint did not seek damages from Shaver individually. In the absence of a colorable cause of action against Shaver, the district court properly determined Maiden fraudulently joined Shaver. That being so, we find no error in the denial of Maiden's motion to remand the case to state court.

III

We also reject Maiden's argument that the district court erred in granting Defendants' motion to dismiss for failure to state a claim. First, as to the wrongful-discharge claim, Maiden's at-will-employee status allowed NAS to terminate him "for good cause, no cause, or for a cause that some might view as morally indefensible," unless "the discharge [was] contrary to a fundamental and well-defined public policy as evidenced by existing law." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 733-34 (Ky. 1983) (concluding that K.R.S. § 342 sets forth "an important public interest that injured employees shall receive, and employers shall be obligated to pay, for medical expenses, rehabilitative services and a portion of lost wages," and any "action on the part of an

employer which prevents an employee from asserting his statutory right to medical treatment and compensation violates that policy"). The district court found that Maiden failed to allege a public policy violation to support the claim, and we agree.

In his complaint, Maiden pleaded that "the discharge . . . was substantially motivated by retaliation . . . for Plaintiff having lawfully cooperated with the Sheriff in recovery of the stolen property." He further pleaded, "[T]he Plaintiff had solemn duties and rights to cooperate with the enforcement of the criminal laws of this Commonwealth, and those rights are established and protected by the constitutions, by specific statutes, and also by the well-established public policy of . . . Kentucky, and these United States." As the district court correctly found, however, Maiden failed to identify any fundamental and well-defined public policy as evidenced by existing law requiring that Kentuckians cooperate with law enforcement. Maiden's brief fails to point to any case establishing such a well-defined public policy; he cites only irrelevant criminal statutes and *Firestone Textile Co. Div.*, the key Kentucky case (also cited by the district court) that established the public-policy exception to Kentucky's at-will employment defense to wrongful discharge claims.

Regarding Maiden's intentional-interference claim, the district court properly dismissed for Maiden's failure to allege a factual predicate to support that claim. Maiden does not challenge the district court's conclusion that his *complaint* lacked factual allegations. He contends rather that the district court erred by refusing to consider his *affidavit*, wherein he set forth the factual

circumstances of his claim. In ruling on a motion to dismiss, courts generally look to the allegations in the complaint. Courts may consider matters outside the pleadings that "are presented to and *not excluded by the court*." Fed. R. Civ. P.12(c) (emphasis added). Courts are not, however, required to do so. "[I]t is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion." 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1371 (4th ed. 2005). Thus, the district court did not err by refusing to consider the affidavit.

IV

Because Maiden can prove no set of facts in support of his claims entitling him to relief, we affirm.