PER CURIAM.
Plaintiff Anthony Gadlage, a Kentucky attorney, appeals the district court’s judgment granting the defendant’s motion to dismiss and its order denying a motion to alter or amend that judgment. Gadlage filed this diversity action against Winters & Yonker (W & Y), a law firm incorporated in Florida and doing business in Louisville. The parties have expressly waived oral argument, and we agree that oral argument is not needed. See Fed. R.App. P. 34(a).
Requesting injunctive and declaratory relief, as well as compensatory damages, Gadlage alleged that he was wrongfully terminated from his position as an associ *667 ate for the firm after he refused to follow W & Y’s policy of referring personal-injury clients to certain medical clinics owned by Dr. Gary Kompothecras, a Florida chiropractor. Gadlage claimed that he “refused to engage in the [firm’s] quid-pro-quo referral arrangement” because he believed that this arrangement created a conflict of interest in violation of the Kentucky Supreme Court Rules. He also claimed that W & Y retaliated against him by contesting his subsequent application for unemployment benefits.
W & Y moved to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding that Gadlage’s allegations failed to establish that his termination was in violation of any public policy that would except him from the “at-will” employment doctrine in Kentucky. The district court also rejected Gadlage’s post-termination retaliation claim. Gadlage then filed a motion to alter or amend the district court’s order, along with a motion to hold the case in abeyance so that the district court could certify to the Kentucky Supreme Court the question of whether “a violation of the Kentucky Supreme Court Rules can form the basis of a wrongful discharge claim as a ‘public policy’ exception to the employment-at-will doctrine.” The district court denied the motion and refused to certify this question, finding that the Kentucky Supreme Court had sufficiently addressed the issue in Firestone Textile Co. Div. v. Meadows, 666 S.W.2d 730 (Ky.1983), and Grzyb v. Evans, 700 S.W.2d 399 (Ky.1985).
On appeal, Gadlage argues that the Kentucky Supreme Court Rules derive from the commonwealth’s constitution and, therefore, trigger the public policy exception to the at-will doctrine. Gadlage cites two Kentucky statutes that allegedly reinforce his claim and three cases in support of his interpretation: a recent case from the United States District Court for the Eastern District of Kentucky, decided within the context of state contract law, Martello v. Santana, 874 F.Supp.2d 658, 670 (E.D.Ky.2012), and two state circuit court cases, Greissman v. Rawlings and Associates, No. 12-CI-00744 (Oldham Cir. Ct. Apr. 8, 2013), and Isaacs & Isaacs, PSC v. Rigor, No. 05-CI-7688 (Jefferson Cir. Ct. Oct. 18, 2010). Gadlage also filed with this court a motion to certify to the Kentucky Supreme Court the same question that he presented in his motion to certify filed in the district court.
We review de novo a district court’s decision to deny a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Berrington v. Wal-Mart Stores, Inc., 696 F.3d 604, 607 (6th Cir.2012). When considering a Rule 12(b)(6) motion, “we must accept as true any well-pleaded allegations,” but “need not accept any legal conclusions or unwarranted factual inferences.” Id. (citations omitted).
In cases arising under federal diversity jurisdiction, we review de novo a district court’s interpretation of state law. Berrington, 696 F.3d at 607. In such cases, we apply the substantive law of the forum state, “anticipating] how the relevant state’s highest court would rule in the case....” In re Dow Corning Corp., 419 F.3d 543, 549 (6th Cir.2005). Because Kentucky has not addressed the precise issue presented, we must predict how the state supreme court would rule “by looking to all the available data.” Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc., 249 F.3d 450, 454 (6th Cir.2001). We must be “extremely cautious about adopting substantive innovation in state law.” Combs v. Int’l Ins. Co., 354 F.3d 568, 578 (6th Cir. *668 2004) (internal quotation marks and citation omitted).
As an at-will employee, Gadlage could be discharged for “for good cause, no cause, or for a cause that some might view as morally indefensible.” Firestone, 666 S.W.2d at 731. Kentucky applies a narrow exception to this general rule when the termination undermines a “most important public policy.” Id. at 733 (internal quotation marks and citation omitted). The state permits this exception only when the discharge is shown to be “ ‘contrary to a fundamental and well-defined public policy as evidenced by existing law,’ ” and when the policy is “ ‘evidenced by a constitutional or statutory provision.’” Id. at 731 (quoting Brockmeyer v. Dun & Bradstreet, 113 Wis.2d 561, 335 N.W.2d 834, 835 (1983)). This “narrowly defined exception” requires that any cause of action contrary to the at-will doctrine must be “clearly defined and suitably controlled.” Id. at 733.
After Firestone, the Kentucky Supreme Court adopted the additional caveat that “only two situations exist where ‘grounds for discharging an employee are so contrary to public policy as to be actionable’ absent ‘explicit legislative statements prohibiting the discharge.’ ” Grzyb, 700 S.W.2d at 402 (quoting Suchodolski v. Mich. Consol. Gas Co., 412 Mich. 692, 316 N.W.2d 710, 711 (1982)). The first situation is “where the alleged reason for the discharge ... was the failure or refusal to violate a law in the course of employment,” and the second is “when the reason for a discharge was the employee’s exercise of a right conferred by a well-established legislative enactment.” Id. (internal quotation marks and citation omitted).
Gadlage’s strongest support for his claim derives from orders by two Kentucky circuit courts. In Isaacs & Isaacs, a lawyer alleged that he was fired in retaliation for threatening to contact the Kentucky Bar Association for an ethical opinion as to whether a questionable practice by his firm violated the Supreme Court Rules. The circuit court held that the lawyer’s actions were sufficiently protected and that his discharge was sufficiently close in time to this threat, such that the lawyer alleged a prima facie case of wrongful discharge. Case No. 05-CI-7688, at 8. Similarly in Greissman, a different circuit court relied heavily on Isaacs & Isaacs to hold that the obligatory Supreme Court Rules “supply a source of authority that can ground a claim from wrongful termination in violation of public policy.” Case No. 12-CI-00744, at 5.
We need not resolve here whether these two lower courts accurately anticipated how the Kentucky Supreme Court would rule on the question. Even if obligatory Supreme Court Rules can ground a public-policy exception to the at-will doctrine, Gadlage does not allege a single particularized Rule violation in his complaint or in his appellate briefing. He relies instead on vague and generalized statements about third-party conflicts of interests and obligations to clients. Gadlage has thus failed to state a claim that is “plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We are not convinced that the Kentucky Supreme Court would decide otherwise, considering “all available data.” See Combs, 354 F.3d at 578; Allstate Ins. Co., 249 F.3d at 454.
We also affirm the district court’s dismissal of Gadlage’s post-termination retaliation claim, because he did not establish a factual basis to support his claim that W & Y’s conduct rose to the level of outrageousness necessary to meet his burden of establishing this claim. See Kroger Co. v. Willgruber, 920 S.W.2d 61, 65 (Ky.1996). In regard to his motion to certify, *669 we decline to “trouble” the Kentucky Supreme Court with this question of state law, because we have a “reasonably clear and principled course” to follow to resolve the matter. Pennington v. State Farm Mut. Auto. Ins. Co., 553 F.3d 447, 450 (6th Cir.2009) (internal quotation marks and citation omitted).
Accordingly, the motion to certify is DENIED, and the district court’s judgment is AFFIRMED.