RENDERED: DECEMBER 12, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1300-MR

TIMOTHY C. GLEASON                                              APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE MITCHELL PERRY, JUDGE
ACTION NO. 24-CI-002412

MAGNA WAVE, INC.                                              APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE: Timothy C. Gleason ("Gleason") appeals from the Jefferson

Circuit Court's order granting Magna Wave, Inc.'s motion to dismiss Gleason's

wrongful termination action. After review, we reverse and remand for further

proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

Gleason was employed by Magna Wave, Inc. ("Magna Wave") as a

Product Specialist. In his complaint, Gleason asserted that this role required him to

market and sell Magna Wave's products to customers across multiple states. To effectuate these responsibilities, he was required to conduct telephone sales calls. Magna Wave employees were instructed to record all phone calls placed to customers, both in and out of Kentucky, without a disclaimer during the conversation that the call would be recorded.[1]

In his complaint, Gleason identified the states to which he was required to make sales calls; these included California, Delaware, Florida, Illinois, Maryland, Massachusetts, Montana, Nevada, New Hampshire, Pennsylvania, and Washington. At some point during his employment, Gleason informed his supervisors that "it was his understanding that recording telephone calls with customers without their consent violates laws" in these states.[2] Thus, he refused to comply with the recording policy. Magna Wave terminated Gleason's employment on October 5, 2023, for allegedly refusing to perform required job duties.

Following his termination, Gleason initiated this lawsuit. In his complaint, he brought a single cause of action: wrongful discharge in violation of public policy. Specifically, Gleason alleged that his refusal to comply with the

---

[1] No evidence was in the record regarding the practice of issuing a disclaimer regarding the recording of the conversation with a customer. The Court therefore assumes no such disclaimer was used by Magna Wave.

[2] Magna Wave does not dispute the illegality of recordings in the states identified by Gleason.

company's directive to record calls without consent constituted a protected act under the public policy exception to Kentucky's at-will employment doctrine.

Magna Wave filed a motion to dismiss which the circuit court granted. In its order, the circuit court determined that, for a plaintiff to satisfy the public policy exception to at-will employment, they must claim a violation of Kentucky law. Because Kentucky law allows telephone conversations to be recorded with the consent of only one party, the circuit court found that Gleason was not entitled to relief and thus granted Magna Wave's motion to dismiss.[3] Gleason subsequently filed a motion to alter, amend, or vacate, which the circuit court denied. This appeal followed.

## ANALYSIS

### 1. Standard of Review

A motion to dismiss under Kentucky Rule of Civil Procedure ("CR") 12.02(f) is properly granted when "it appears the pleading party could not prove any set of facts in support of his claim that would entitle him to relief." *Wood v. Wyeth-Ayerst Laboratories, Div. of American Home Products*, 82 S.W.3d 849, 851 (Ky. 2002) (citation omitted). "In ruling on a motion to dismiss, the pleadings

---

[3] Kentucky does prohibit eavesdropping and, in fact, classifies it as a "D felony." However, Kentucky Revised Statute ("KRS") 526.010 defines "eavesdrop" as the recording of conversations "without the consent of *at least one (1) party thereto*[.]" *Id*. (emphasis added). As the trial court observed below, "[t]his means that in Kentucky it is permissible to record a phone conversation as long as one party consents." Because the Magna Wave employee placing the call consents to the recording, the mandate of consent by *one* party to the call is met.

should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009) (citation omitted).

The trial court's decision to grant Magna Wave's motion to dismiss pursuant to CR 12.02(f) is reviewed *de novo* on appeal. *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005). Under the *de novo* standard, we owe no deference to the legal conclusions of the lower courts. *Bluegrass Trust for Historic Preservation v. Lexington-Fayette Urban Cnty. Gov't Planning Commission*, 701 S.W.3d 196, 204 (Ky. 2024).

## 2. Discussion

In *Firestone Textile Co. Division, Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730 (Ky. 1983), the Kentucky Supreme Court addressed the issue of an employee's discharge in retaliation for seeking workers' compensation benefits. In its opinion it restated what is now well-established in Kentucky, that an employer may terminate employment "for good cause, for no cause, or for a cause that some might view as morally indefensible." *Id*. at 731 (citations omitted). The Court went on to recognize a judicial exception to this rule – the public policy exception. *Id*. at 731-32. In adopting this exception, the Court looked to the wisdom of the Wisconsin Supreme Court. In *Brockmeyer v. Dun &*

*Bradstreet*, 335 N.W.2d 834, 835 (Wis. 1983), the Wisconsin Supreme Court concluded that a narrow public policy exception to at-will employment was in the best interest of "employees, employers and the public . . . ." *Id*. at 840.

> [A]n employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law. . . . The public policy must be evidenced by a constitutional or statutory provision. An employee cannot be fired for refusing to violate the constitution or a statute. Employers will be held liable for those terminations that effectuate an unlawful end.

*Id*.

In applying this analysis to facts before it, when finding for the employee, the *Firestone* Court stated, "[i]t is an important public interest that injured employees shall receive, and employers shall be obligated to pay, for medical expenses, rehabilitative services and a portion of lost wages. Injured employees should not become public charges." *Firestone*, 666 S.W.3d at 733. Although not explicitly stated, it is clear the Court believed the retaliatory termination of an employee for exercising their right to workers' compensation benefits was neither in the best interest of the employee nor the public.

Two years after *Firestone*, our Supreme Court was again tasked with reviewing the parameters of at-will employment when a wrongful discharge is alleged. In *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), the Court found for the employer, noting that Evans' claims for both sex discrimination and violation of

the "freedom of association doctrine" "lacked even a passing reference to any specific constitutional or statutory provisions upon which [he] might base a claim." *Id*. at 401-02.  It further specified, "an employment-related nexus is critical to the creation of a 'clearly defined' and 'suitably controlled' cause of action for wrongful discharge." *Id*. at 402.  Most importantly, the Court identified two notable exceptions to their holding in *Firestone*.

> We adopt, as an appropriate caveat to our decision in *Firestone Textile Co. Div. v. Meadows*, *supra*, the position of the Michigan Supreme Court in *Suchodolski v. Michigan Consolidated Gas Co.*, 412 Mich. 692, 316 N.W.2d 710 (1982).  The Michigan court held that only two situations exist where "grounds for discharging an employee are so contrary to public policy as to be actionable" absent "explicit legislative statements prohibiting the discharge." 316 N.W.2d at 711.  First, "where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment."  Second, "when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." 316 N.W.2d at 711-12.  Here the concept of an employment-related nexus is critical to the creation of a "clearly defined" and "suitably controlled" cause of action for wrongful discharge.  These are the limitations imposed by *Firestone Textile Co. Div. v. Meadows*, *supra* at 733.

*Id*. at 402.

In the case *sub judice*, Gleason refused to follow the directives of his employer, Magna Wave, and record phone calls without the other party's consent in states where such actions were prohibited by law.  He maintains that the trial

court erred in dismissing his complaint by too narrowly defining the public policy exception to at-will employment. Specifically, the trial court dismissed Gleason's claim because the terms of his employment, of which he refused to comply, did not violate *Kentucky* law. Gleason argues no such restriction exists.

In support of Magna Wave's argument that the trial court acted appropriately, it provides a notable recitation of cases concerning at-will employment and violation of Kentucky statutes. However, it relies primarily on three cases presumably addressing the narrow question before this Court as to whether the firing of an employee for refusal to violate the law is disallowed only if that law is a Kentucky law.

Magna Wave maintains that the Supreme Court in *Grzyb* emphasized that a valid claim for wrongful discharge in violation of public policy must involve a public policy clearly defined by "Kentucky law/statute/constitutional provision." However, no such language was used by the Court. Rather, the Court disallowed the claim for sex discrimination based on statutory preclusion of the suit. *Id*. at 401. As for the "freedom of association" claim, the Court analyzed both the Kentucky Constitution and the Federal Constitution and found neither provided a cause of action against an employer for wrongful discharge. *Id*.

In *Shrout v. The TFE Group*, 161 S.W.3d 351 (Ky. App. 2005), the second case upon which Magna Wave relies, a truck driver challenged his

termination following a positive drug test. He alleged his employer did not adhere to federal regulations when conducting the testing. *Id*. at 351. The question before the Court was "whether the *employer's* failure to comply with federal testing regulations creates an exception to Kentucky's employment at-will doctrine." *Id.* (emphasis added). This limited question, in which the Court answered in the negative, bears little resemblance to the case at bar and is not informative to the question before us.

Lastly, Magna Wave's reliance on *Chavez v. Dakkota Integrated Systems*, *LLC*, 832 F. Supp. 2d 786 (W.D. Ky. 2011), is likewise misplaced. In *Chavez*, the plaintiff alleged that he was terminated for refusing to violate the Consumer Protection Act and Deceptive Business Practices laws by placing dropped airbags into production. Although the court repeatedly referred to "Kentucky law," it was clear from the outset that the plaintiff simply: "failed to show that his discharge for refusing to use dropped airbags was contrary to a fundamental, well-defined policy evidenced by either the Consumer Protection Act or the Deceptive Business Practices section of the penal code." *Id.* at 802. The *Chavez* court did not hold, nor even suggest, that a violation of public policy may arise only where the law the employee refused to violate was a Kentucky statute.

Several other jurisdictions have recognized that wrongful discharge claims may lie when an employee is terminated for refusing to violate any law,

state or federal. *Smuck v. National Management Corp.*, 540 N.W.2d 669, 673 (Iowa Ct. App. 1995) (collecting cases) ("We believe it is contrary to public policy to fire an employee for refusing to break any law, be it state or federal."). As those courts have emphasized, it is not the public policy of the outside jurisdiction that is being enforced. Rather, it is the public policy of the forum state—here, Kentucky—not to place employees in the untenable position of choosing between their livelihood and their legal obligations. *Strozinsky v. School Dist. of Brown Deer*, 614 N.W.2d 443, 460 (Wis. 2000). The essence of the public-policy exception has always been to prevent that very Hobson's choice.

Kentucky's at-will doctrine is broad, but it has never been absolute. We have long recognized that public policy considerations are paramount in determining whether an employee has been wrongfully discharged. *Firestone*, 666 S.W.2d at 733. While Kentucky permits one-party consent recordings, that rule is not universal across the country. As Gleason correctly observed to his employer, recording interstate telephone calls without consent may expose the caller to liability in states that prohibit the practice. For instance, in *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 130-31, 137 P.3d 914, 938-39 (2006), the California Supreme Court held that brokers in Georgia who recorded calls with California clients violated California's anti-eavesdropping statutes. Although the court declined to apply the law retroactively, it cautioned that "out-of-state

companies that do business in California now are on notice that . . . they are subject to California law" and may face the "full range of civil sanctions" for future violations. *Id*.

To require an employee to engage in conduct that may expose him to civil or criminal penalties in another jurisdiction as a condition of employment offends basic notions of fairness and the very public policy our wrongful-discharge exception was designed to protect. An employee should not have to choose between keeping his job and keeping the law. That is precisely the situation Gleason alleges he faced.

## CONCLUSION

For the foregoing reasons, we reverse the Jefferson Circuit Court's order granting Magna Wave's motion to dismiss and remand for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael J. Morgan
Covington, Kentucky

BRIEF FOR APPELLEE:

Derek Miles
Kenneth C. Whitlock, Jr.
Louisville, Kentucky

-10-