Ewert **WILSON, Individually, and Wilson Drilling and Exploration, Inc., Appellants,**

v.

**SOUTHWARD INVESTMENT COMPANY # 1, Southward Investment Company # 2, Southward Investment Company # 3, Southward Investment Company # 4, Southward Investment Company # 5, Southward Investment Company # 6, Southward Investment Company # 7, Southward Investment Company # 8, Southward Investment Company # 9, Appellees.**

Court of Appeals of Kentucky.

April 6, 1984.

Rehearing Denied May 18, 1984.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Sept. 5, 1984.

Elmer P. Heist, Hurt & Heist, Burkesville, for appellants.

Bruce Barrickman, Richardson, Barrickman & Dickinson, Glasgow, for appellees.

Before DUNN, REYNOLDS and WHITE, JJ.

REYNOLDS, Judge.

Appellants, sellers, appeal from summary judgment granting appellees, buyers, rescission of a sale of oil interests for appellants' violation of state and federal securities law.

Appellant, Ewert Wilson, is the sole stockholder/owner of Wilson Drilling and Exploration, Inc. The primary business activity during the period concerned herein relates to oil exploration, drilling and drilling rig sales in the Clinton County area. The appellees are nine separate Tennessee limited partnerships which had as their general partners three Tennessee residents who raised money by selling units in the limited partnerships, with the purpose of the limited partnerships being confined to investments in oil and gas properties.

During the period from November 16, 1980, until May 10, 1981, appellants and appellees entered into discussions culminating in the sale, by appellants to appellees, of interest in eight separate oil leases in Clinton County, Kentucky. The total sale price of the various interests was $121,678. Some income was derived from a portion of the oil wells involved in this litigation.

On February 13, 1981, the Department of Banking and Securities entered a stop order directed to appellants, specifically enjoining them from selling securities in reliance on the exemptions of KRS 292.410(1), or other applicable exemptions for which a required claim of exemption had not been filed under KRS 292.415(1) until compliance with the chapter had been achieved and until further order of the Director. It was found that no application for exemptions had been filed, and appellants acknowledged that they had had no contact with the Department prior to February of 1981. The stop order was withdrawn in June of 1981.

Appellants maintain that the trial court erred by entering summary judgment insofar as genuine issues existed as to material facts; that appellees failed to establish that no genuine issues of material fact existed; and that the court failed to view the record herein in a light most favorable to the appellants.

We determine that the record supports the trial court's finding that there are no genuine issues as to the material facts herein as to entry of judgment for rescission. The nature of the evidence submitted by appellees bolsters the soundness of this conclusion. The depositions of the parties and the exhibits, including the orders of the Department of Banking and Securities, permitted the trial court to discover and determine that there was no issue of fact to be tried. Appellants' assertion that there are disputed facts does not transform undisputed facts into disputed facts. We view the affidavit of Elmer P. Heist as argument insofar as the facts reflect that the majority of sales were made starting in the fall of 1980 and increasing in the winter of 1981. Neither the affiant nor the appellants showed contact, application, or receipt of exemptions from the Department at such time aforesaid for those interests of oil and gas wells which are the subject matter of the litigation. CR 56.

Appellants argue that Federal and Kentucky laws did not require registration of securities involved in exempt transactions.

Appellants admit that they neither applied for, nor received an exemption under Federal Securities Law insofar as appellants relied upon the private offering exemption reflected in 15 U.S.C. § 77d.

The facts of this case do not fit within all the factors enumerated in *Doran v. Petroleum Management Corp.*, 545 F.2d 893 (5th Cir.1977). We determine that the principles enumerated in *SEC v. Murphy*, 626 F.2d 633 (9th Cir.1980), are applicable and that the appellants' offerings herein should be viewed as integrated. Additionally, we hold that *Doran, supra,* requires that the person (appellants) claiming the private offering exemption has the burden of proving the applicability of the exemption. From the record we note that the appellants have presented no evidence regarding the number of offerees, except that there may have been a minimum of 100 purchasers. It is necessary for the appellants, in claiming the exemption, to prove the number of offerees and not just the number of purchasers. The failure to prove the number of offerees is fatal to a claim of exemption from the registration requirements. *Doran, supra; see also Swenson v. Englestad,* 626 F.2d 421 (5th Cir.1980).

■ While appellants contend they did not violate the registration provisions of KRS 292.340 insofar as they applied for and secured exemptions from the Department of Banking and Securities, we find that the appellants (sellers) have the burden of proving that an exemption from registration requirements was duly applicable at the time of the sale of the security instruments. KRS 292.420; *see also General Life of Missouri Inv. Co. v. Shamburger,* 546 F.2d 774 (8th Cir.1976). Additionally, in this case, appellants are without any facts which would support an exemption provided by KRS 292.410(1)(i).

KRS 292.415 provides that prior approval must be obtained from the Kentucky Department of Banking Securities before securities can be issued as exempt securities. The order of the Department was unequivocally clear that appellants had not at such time made application for exemption nor did they qualify for exemption. The findings of the order may be deemed binding on appellants. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

It is undisputed that no financial information was furnished to appellees, and the location of those oil wells testified about were to be close to other good and commercially producing wells. The offerees do not appear to have had access to information or occupy any privileged position resulting in effective access to same. There is no merit to appellants' claim that facts disclose appellees to be sophisticated investors. Under the circumstances of this case, they would be within the class who would need the protection of registration requirements. Any doubts about disclosure preclude the claim of private offering exemptions. *Doran, supra.*

Appellants argue that rescission is not available to appellees insofar as the securities are exempt transactions and that the appellees have failed to show that each security was sold by means of an untrue statement of material fact or by means of omitting material facts. We hold otherwise, as appellants assume in raising this issue that the securities were exempt transactions. Additionally, as previously noted, the appellants' offerings are to be viewed as integrated.

■ Appellants maintain that the trial court made no specific findings concerning misrepresentations/omissions. We determine there is no procedural requirement for the court, in rendering a summary judgment, to attach findings of fact or conclusions. CR 52.01; CR 56.01. We note without further comment that there was no request for such findings or request to amend the judgment. CR 52.

■ This record does contain conflicting testimony concerning oral representations made by appellants concerning oil productions from some of the wells. These conflicting facts are relevant herein, but only to the common law fraudulent misrepresentation claims made by appellees in Count No. 3 of the complaint. The trial court did not render summary judgment for the sum of money ($21,483) additionally spent by appellees in the development of the wells.

■ As to rescission, we hold that the seller is duly obligated to tell a prospective buyer of pending litigation. We determine that there is a violation of the material omissions provision of the Federal Securities Act when an offerer fails to inform the purchaser of the securities that it had been enjoined from selling unregistered securities by the regulatory authorities. *Upton v. Trinidad Petroleum Corp.*, 468 F.Supp. 330 (1979). In addition, appellees relied on appellants' representations as to production records.

■ Appellants state that securities are not subject to rescission when appellees failed to tender back the subject securities before entry of judgment. We do not agree. Appellees in both Paragraph 12 of Count I and Paragraph 8 of Count II of their complaint offer to assign, transfer, and set over all of their interest in the securities at such time as damages are paid to appellees. We determine that there may be a timely tender of the securities by the complaint. *Moses v. Michael,* 292 F.2d 614 (5th Cir.1961). Upon the entry of judgment herein it should be adjudicated by the trial court that titles to the securities were reinvested in the appellants by the complaint.

■ Appellants state it was error to render summary judgment for rescission when genuine issues existed regarding income received by appellees from the securities. KRS 292.480(1) and 15 U.S.C. § 77*l* provide among the civil liabilities that "the person buying the security may recover the consideration paid for the security ... less the amount of any income received on the security ...." This record reflects a reasonable doubt and a genuine issue as to the amount of income credit which appellants are entitled. We are not persuaded by appellees' argument to the effect that appellants waived their entitlement to a credit of income received by appellees on the securities. It may have been better practice for appellants to have pled and proved the item of income credit, but in a motion for summary judgment respecting damages, we hold, under the applicable statutes herein, that it was incumbent upon the court to discover and determine whether there was an issue of fact to be tried as to the amount of credit.

■ It is entirely proper for the trial court to enter a summary judgment on part of the questions presented, and reserve for determination/trial any remaining factual issue. We determine that CR 56.03 authorizes the granting of summary judgment on the issue of liability herein as a matter of law, even though a factual controversy concerning the amount of damages remains to be resolved.

The judgment of Clinton Circuit Court is affirmed in part and reversed in part. The issue as to the amount of income received on the securities which is to be deducted from the consideration paid for the securities is a fact that must be resolved by trial before the final amount of damages is ultimately resolved. The action is, therefore, remanded for determination of credit applicable herein and consistent with the directions set forth in the opinion.

All concur.