RENDERED: MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2021-CA-0216-MR

ANN WELLMAN                                                              APPELLANT

v.

APPEAL FROM MADISON CIRCUIT COURT
HONORABLE JEAN C. LOGUE, JUDGE
ACTION NO. 19-CI-00467

ROBERT WAYNE BALDWIN; AND
STATE FARM FIRE & CASUALTY
COMPANY                                                                  APPELLEES

OPINION
REVERSING AND
REMANDING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE: Appellant Ann Wellman challenges the summary dismissal of

her claim for damages stemming from an injury allegedly incurred on the property

of her neighbor, appellee Robert Wayne Baldwin. Wellman argues that entry of

summary judgment was premature due to the existence of genuine issues of

material fact as to her status on the property at the time of her injury and as to the nature of the dangerous condition Baldwin allowed to exist on his property. Because we are convinced that the question of Wellman's status falls squarely within the analysis this Court set out in *Carney v. Galt*, 517 S.W.3d 507 (Ky. App. 2017), we reverse the entry of summary judgment and remand the case for further proceedings.

The facts are not complex. Wellman and Baldwin own adjoining property and have been neighbors for at least twenty years. In August 2018, Wellman fell into a posthole Baldwin had dug to erect a fence between their respective properties and sustained an injury to her knee which required surgery for a kneecap replacement. At the time of the accident, Baldwin had been in the process of building a fence between the parties' properties for approximately two years. Prior to commencing the project, Baldwin had the line surveyed and staked. He thereafter consulted with Wellman about the location of the fence, with the pair ultimately agreeing that Baldwin would construct the fence approximately two feet inside the line to avoid any question of encroachment on Wellman's land. Baldwin then dug evenly-spaced postholes along the agreed upon line. At the time of Wellman's injury, the fence was not complete but there were postholes in a straight line at regular intervals.

Thereafter, in July 2019, Wellman filed a complaint alleging that Baldwin had permitted a dangerous and defective condition to exist on his property; that he failed to maintain his property in a reasonably safe condition; that he failed to warn and protect Wellman from the dangerous and defective condition; and that he failed to fix or repair a known dangerous and hazardous condition, all of which were substantial factors in causing her injury.

In response, Baldwin asserted that Wellman's claims were barred by her status as a trespasser on his property and the fact that the alleged dangerous condition of property was open and obvious. Baldwin subsequently moved for summary judgment on the basis that Wellman's own deposition testimony established that she was a trespasser at the time of the accident and that she had been aware of the open and obvious nature of the postholes along the fence line for the previous two years.

This appeal follows the circuit court's grant of summary judgment dismissing Wellman's complaint against Baldwin with prejudice. As an initial matter, we acknowledge our Supreme Court's reiteration of the well-settled rules regarding entry of summary judgment:

> We must first begin by reviewing the standards to be used when handling summary judgment. Summary judgment is to be "cautiously applied and should not be used as a substitute for trial." Granting a motion for summary judgment is an extraordinary remedy and should only be used "to terminate litigation when, as a

matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." The trial court must review the evidence, not to resolve any issue of fact, but to discover whether a real fact issue exists. This review requires the facts be viewed in the light most favorable to the party opposing summary judgment.

*Shelton v. Kentucky Easter Seals Society, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (footnotes omitted). The Supreme Court also emphasized that the term "impossible" is to be used in a practical, not an absolute sense. *Id*. at 905 n.4. In this case, the facts must be viewed in a light most favorable to Wellman. Finally, appellate review of a motion for summary judgment only involves questions of law and "a determination of whether a disputed material issue of fact exists." *Id.* at 905. Therefore, our review is *de novo* with no need to defer to the circuit court's decision. *Id.*

With these principles in mind, we turn to an examination of the circuit court judgment. Although Wellman complains of the lack of specific findings concerning the basis for its decision, it is well-settled that "there is no procedural requirement for the court, in rendering a summary judgment, to attach findings of fact or conclusions. CR[1] 52.01; CR 56.01." *Wilson v. Southward Investment Company No. 1*, 675 S.W.2d 10, 13 (Ky. App. 1984). While specific findings of

---

[1] Kentucky Rules of Civil Procedure.

fact and conclusions of law are preferable for purposes of appellate review, we are nevertheless able to discern from the record the propriety of the circuit court's decision.

The focus of our analysis is Wellman's contention that summary judgment was premature. She insists that genuine issues of material fact exist as to: 1) whether she was, in fact, a trespasser on Baldwin's property; and 2) whether Baldwin breached his duties to her. Wellman also maintains that the summary judgment was granted before discovery had been completed.

We commence with Wellman's argument that she was not a trespasser at the time of her injury, but an invitee or licensee. She supports that contention by citing her deposition testimony that the neighbors in the rural community had established a sort of implied consent to access each other's property, if necessary. She testified that she had been on Baldwin's property at least 10 times without him voicing objection, once to rescue his puppy which had become trapped and was whining, other times to retrieve her grandchild's toys which had ended up on Baldwin's property, and other times to converse with Baldwin and his wife. On the other hand, Baldwin's deposition testimony disputed Wellman's depiction of the neighborly "implied-consent" arrangement stating that the two neighbors had little to do with each other over the years, and alleging it was more of a "you stay on your side and I'll stay on mine" arrangement. He specifically cited one incident

in which he mowed a portion of Wellman's grass as a neighborly gesture and she

informed him she did not appreciate him being on her property or mowing her

grass.

In *Carney*, 517 S.W.3d at 511, this Court set out the traditional rule

applicable to premises liability cases:

> Kentucky classifies a visitor upon property as one of the
> following: trespasser, licensee, or invitee. *Scifres* [*v.
> Kraft*], 916 S.W.2d 779 [(Ky. App. 1996)]. A person
> who comes upon the property of another without any
> legal right to do so is a trespasser. *Hardin v. Harris*, 507
> S.W.2d 172 (Ky. 1974). A person who comes on the
> land of another with the possessor's consent is a licensee.
> *Id.* And, a person with business dealings with the
> possessor who comes upon the property is an invitee. *Id.*

The *Carney* Court also cited KRS[2] 381.232 which provides that owners of land

"shall not be liable to any trespasser for injuries sustained by the trespasser on the

real estate of the owner, except for injuries which are intentionally inflicted by the

owner or someone acting for the owner[,]" before applying the classifications and

the statute to a factual situation not dissimilar from the case at bar.

Carney was injured while attempting to retrieve a basketball which

had rolled onto Galt's property from a court in Galt's neighbor's driveway. It was

undisputed that at the time Carney was injured, Galt was constructing a fence on

his leased property. Carney admitted in his deposition that he was aware that Galt

---

[2] Kentucky Revised Statute.

was constructing a fence on his property and further stated that he could see the fence being built from his home. On the evening the incident occurred, Carney was playing basketball and drinking beer when the ball rolled into Galt's yard and Carney chased after it. As he grabbed for the ball, Carney tripped on posts and 2x4s that were part of the fence construction project and landed on a concrete driveway, allegedly sustaining permanent injuries.

The circuit court entered summary judgment on Carney's claim for damages on the basis that Carney was a trespasser on Galt's property and thus Galt owed Carney no duty of care. The circuit court also concluded that the fact that the fence was an open and obvious condition precluded liability even if Galt had owed a duty to Carney. However, upon review, this Court found particularly relevant to its analysis the fact that at the time of the accident, Carney was a guest on property owned by Sherri Moore. The basketball court in question was located in Moore's driveway, immediately adjacent to Galt's property where the fence was under construction.

In reversing the entry of summary judgment, the *Carney* Court concluded that a genuine issue of material fact existed as to Carney's status on Galt's property at the time of his injury:

> However, the circuit court did not address what would appear to be most relevant in this analysis–the relationship of Galt with his next door neighbor, Sherri Moore, and her guests, specifically as pertains to their

> ongoing relationship regarding access to Galt's property, given the proximity of the basketball court on Moore's property to Galt's property. In other words, was it customary for those who routinely used Moore's basketball court, including other neighbors, to have regular access to Galt's property to retrieve basketballs that left Moore's property during its use? The record clearly establishes that Galt had not posted "no trespassing" signs on his property to give notice that entry was prohibited on his property by all. **Customary or routine access by guests of Sherri Moore to Galt's property could look to an implication of consent or acquiesce and otherwise create the status of licensee for those utilizing such access**.

517 S.W.3d at 511-12 (citations omitted) (emphasis added).

Because the depositions in this record disclose disputed facts regarding Wellman's status on Baldwin's property at the time of her injury, we are convinced that summary judgment was prematurely granted. On remand, if the trier of fact determines that Wellman was a trespasser on Baldwin's property, then there would be no duty owed and no liability for damages. KRS 381.232. However, if Wellman is found to have been a licensee, then the trier of fact will be required to determine if Baldwin breached his duty of care to maintain his premises in a reasonably safe condition and to award Wellman damages, if any, under a comparative fault analysis.

Accordingly, the summary judgment dismissing Wellman's complaint is hereby reversed and the case remanded for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Christopher Lee Coffman
Liberty, Kentucky

Robert Morrin
Richmond, Kentucky

BRIEF FOR APPELLEE ROBERT
WAYNE BALDWIN:

J. Stan Lee
Katie Bouvier
Lexington, Kentucky